The State v. Morgan.

---

THE STATE OF KANSAS, *Appellant*, v. W. A. MORGAN *et. al., Appellees.*

No. 17,243.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Dismissal—Delay in Trial.* The defendants were informed against for libel in May, 1908. Trial was had at the next term of court, resulting in a failure of the jury to agree. On the last day of each of the two succeeding terms an order of forfeiture was taken. No delay was occasioned by the defendants. After the conclusion of the third term application was made for dismissal, apparently under section 221 of the criminal code. The showing made by the state was that the county attorney and two assistants had been ready and anxious for trial, that a setting of the case for trial had been requested, but they had not been able to bring it to trial; that the state and the county attorney were ready at each term, and that two of the affiants believed one reason why the case had not been set for trial was the great volume of business coming before the court. The court dismissed the case and ordered that the defendants be released from further prosecution therein. *Held*, that the dismissal itself was proper.

Appeal from Shawnee district court.. Opinion filed April 8, 1911. Affirmed.

40—84 KAN.

*Fred S. Jackson,* attorney-general, and *J. J. Schenck,* county attorney, for the appellant.

*D. C. Tillotson,* for the appellees.

The opinion of the court was delivered by

WEST, J.: In May, 1908, an information was filed charging certain persons with libel. At the following September term the case was tried and resulted in a failure of the jury to agree. (First term.) At the January term, 1909, no trial was had, and on the last day of the term the bond was ordered forfeited. (Second term.) At the September term, 1909, no trial was had, and on the last day of the term the bond was again ordered forfeited. (Third term.) After this term had closed application was made for dismissal, apparently under section 221 of the criminal code, which application was granted. The county attorney filed an affidavit stating that he had been ready and anxious to try the case, that it had never been continued upon his application nor at his request, and that he had requested it to be set for trial but had not been able to bring it to trial; that he believed one reason why it had not been set for trial was on account of the great volume of business coming before the court. Mr. McNary, who had been assisting the county attorney, made a similar affidavit; and Mr. P. H. Coney, who had also been assisting, made an affidavit that he knew the state was ready for trial at every term of court since the complaint was filed, and at no term made application for a continuance, and the county attorney and the state were ready at each term. The court took the matter under advisement, and, on March 5, 1910, dismissed the case and ordered that the defendants be not further prosecuted therein.

From this order the state appeals and says that, as the evidence showed that the state had done everything possible to bring the case to trial, the discharge was erroneous. The defendants suggest that the order was

The State v. Morgan.

equivalent to an acquittal, and, as the state does not pretend to come up on a question reserved, it has no standing in court; and, further, that within the rule of *The State v. Dewey,* 73 Kan. 739, the order or discharge was proper.

If, as testified by Mr. Coney, the state was ready for trial and the county attorney was also ready at every term, it does not appear why a trial was not had. Certainly the state could have required the presence of the defendants before the last day of the terms as well as then, and if they did not appear a bench warrant would have compelled their attendance.

In *The State v. Dewey,* supra, no trial was had at either term. Here the defendants were brought to trial at the first term—the result being a failure of the jury to agree. This eliminates the first term from the computation. (*Ex parte Ross,* 82 Cal. 109; *The State v. Campbell,* 73 Kan. 688.) It is quite clear that practically nothing was done in the case during the second and third terms, and the trial court in the exercise of its discretion ordered a dismissal, which was proper, for such matters should not continue to cumber the docket unless for some purpose. It is not incumbent upon us now to decide what the effect of the order, worded as it was, may be in case further proceedings by the state are attempted. "Sufficient unto the day is the evil thereof."

The order of the trial court dismissing the case is affirmed.