THE STATE OF KANSAS, *Appellant*, v. CHARLES HECHT, *Appellee*.

No. 18,700.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Trial Delayed Beyond Third Term*—"*Want of Time*"—*Rights of Defendant*. The statute providing for the discharge of a defendant who is not brought to trial before the end of the third term of court after the information is filed is qualified by exceptions therein excluding from its operation a delay happening upon his application or occasioned by want of time to try the cause at such third term. (Crim. Code, § 221.) The latter clause refers to the time that can be reasonably given for the trial, consistent with an orderly assignment of causes and diligent dispatch of business.

2. ——— *Same.* A continuance was ordered at the third term held after the information had been filed. The entry recited that the continuance was ordered because of the illness of the county attorney which prevented him from trying the cause at that term. Notwithstanding this finding the district court did not err in considering affidavits at the next

term upon a motion to discharge the defendant, to determine the fact whether the illness of the county attorney at the third term left sufficient time to try the cause within the rules above stated.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 8, 1913. Affirmed.

*John S. Dawson*, attorney-general, *W. E. Atchison*, county attorney, and *Ernest R. Simon*, of Topeka, for the appellant.

The opinion of the court was delivered by

BENSON, J.: This appeal is from an order discharging the defendant from prosecution for robbery, because he had not been brought to trial before the end of the third term of the court held after the information was filed.

The statute provides for such discharge unless the delay happen on the defendant's application or be occasioned by the want of time to try the cause at such third term. (Crim. Code, § 221.)

The reason for the failure to try this cause at the third term is stated in the order of continuance entered at that term, which recites:

"And the court finds that this case has not been tried at this term because of the illness of the county attorney, which prevented him from trying this case."

The motion for discharge was presented at the term to which the case was continued, and affidavits of the county attorney, his assistant and the defendant's attorney were presented. These affidavits give in substance the history of the case and its progress through the three terms, from which it appears that the third term was that of September, 1912, beginning September 3. At that term the presiding judge assigned civil causes for trial first, the criminal cases to follow, beginning on November 11. It was then believed by the

judge and county attorney that there would be sufficient time between that date and the close of the term to dispose of the criminal cases. On December 1, and before this cause was reached, the county attorney became ill and was unable to attend court. A prosecution for murder was thereupon reassigned for December 16, upon the belief that the county attorney would then be able to attend the trial, and later that trial was postponed to the 22d of the same month, but the county attorney being still ill, his assistant, who was familiar with the facts, attended to the prosecution.

The only reasons stated in the statute for continuing a prosecution beyond the third term are delays which happen on the defendant's application, and want of time to try the cause. It has been held, however, that when a jury fails to agree, the term at which the mistrial occurs is eliminated from the computation. (*The State v. Morgan,* 84 Kan. 625, 627, 114 Pac. 846.) It has also been held that terms intervening while an appeal is pending should not be counted. (*The State v. Campbell,* 73 Kan. 688, 95 Pac. 784.) It was said in *The State v. Dewey,* 73 Kan. 735, 85 Pac. 796, that:

"Many courts have said that the enumeration of some causes for delay does not exclude all other causes, and have held that where the delay at the third term is occasioned by the illness or death of the trial judge or prosecuting attorney, or the occurrence of some unforeseen accident, the accused is not entitled to his discharge. (*People v. Camilo,* 69 Cal. 540; *State v. Huting,* 21 Mo. 464.) Without passing on that question, it is, we think, obvious that no cause for delay such as contemplated by the statute occurred in the present cases." (p. 742.)

Illness of the presiding judge was held to be an exception under a similar statutory provision in California. (*People v. Camilo,* 69 Cal. 540, 11 Pac. 128.) The same ruling was made in Missouri under a statute containing the same exceptions as our own. (*State v. Huting,* 21 Mo. 464.) In *Adcock's Case,* 8 Grat. (Va.)

661, it appears to have been held that the exceptions enumerated in the Virginia statute did not exclude consideration of others of a similar nature to be implied from the reason and spirit of the law. The court said:

"It might be enquired what would be done in a case where the prisoner was too sick to be tried within the three terms, or were to ask for a continuance, or did not choose to do so if he could. . . . The truth is the statute never meant by its enumeration of exceptions, or excuses for failure to try, to exclude others of a similar nature or *in pari ratione.*" (p. 681.)

Similar rulings were made in *Stewart v. State,* 13 Ark. 720, and *State v. Mollineaux,* 149 Mo. 646, 51 S. W. 462.

It was said in *The State v. Dewey,* 73 Kan. 735, 85 Pac. 796, that:

"Before a defendant is entitled to such an order he must bring himself clearly within the spirit and intention of the statute. Its purpose was not to enable the guilty to escape upon technicalities, but to shield the innocent by preventing unnecessary and unreasonable delays." (p. 739.)

Guided by this just rule of interpretation we must inquire what is fairly comprehended in that clause of the statute excepting delays occasioned for want of time to try the cause. Circumstances may arise where the postponement of other and perhaps more important cases would leave sufficient time, although such postponements might be attended with great expense and possible failures of justice. The illness of the judge, referred to in cases reported, already cited, may leave insufficient time. Illness of a juror might leave the time too short to finish a trial. These and like contingencies suggest that "the time to try the cause" means such time as should reasonably be given for that purpose consistent with the orderly assignment of causes and the diligent dispatch of business. The right of the defendant is not to be frittered away by an arbi-

trary assignment of the business of a term, so as to leave too short a time. Neither is it required that an orderly assignment of cases shall be set aside in order to try a particular defendant, even at the third term after the information is filed. The rights of a defendant to a speedy trial, as well as his other rights, should be carefully guarded, but the interests of the public and rights of other defendants must also be protected. The business of a court should be conducted in due time and regular order, safeguarding so far as possible the rights of all concerned.

This case was assigned for trial in the first division of the district court at the September term. At the following January term it was assigned in the second division. Presuming that the judge presiding in that division interpreted the statute as this court does, it must have been found from the affidavits presented that the previous finding that the case had not been tried because of the illness of the county attorney was, upon further consideration, found incorrect in fact, or that the finding only meant that the continuance, although caused by the illness of that officer, might have been avoided if his assistants had been diligent in the discharge of their duties. It is the opinion of this court that the affidavits presented a question of fact upon which such a conclusion could be reached, and the facts having been so finally determined, the judgment must be affirmed.

BENSON, J. (dissenting) : I construe the finding made at the September term to mean that the illness of the county attorney prevented the trial at that term, because it left insufficient time. No judicial reason is otherwise apparent for the recital. The illness of the prosecuting officer required no recital in the entry, unless it was the cause of the continuance, and it could not be a good cause unless the time left was insufficient for the trial. That finding should govern unless the

court afterwards found that it was based upon a mistake, or unless some other sufficient reason appeared for avoiding it. It was made by direction of the judge upon personal observation of the business of the term with adequate information of the physical condition of the county attorney and the work done by his assistants. After carefully reading the affidavits presented at the hearing of the motion at the January term, no sufficient grounds appear for questioning the facts stated in the former order. In my opinion that order should prevail and the judgment discharging the defendant should be reversed.

Mr. Chief Justice JOHNSTON and Mr. Justice BURCH join in this dissent.