## THE STATE OF KANSAS v. CARL KUHUKE.

FORMER ACQUITTAL — *No Bar to Subsequent Prosecution.* A complaint was filed on the 20th day of January, 1882, before a justice of the peace, charging the defendant, in general terms, with selling, on January 18, 1882, intoxicating liquors unlawfully. Trial was had on February 4, 1882, and the defendant was acquitted. Upon the trial, the county attorney was not required to elect, and did not elect, to rely upon any particular sale. Thereafter, and on May 4, 1882, an information was filed, charging the same defendant, in general terms, with selling, on April 29, 1882, at the same place, intoxicating liquors unlawfully. In the trial upon the information, after all the testimony of the state had been presented, the county attorney elected to rely for a conviction upon a sale made to one V. There was some evidence tending to prove that the sale to V. was made prior to January 20, 1882, and before the filing of the first complaint. Thereupon the defendant, with the leave of the court, pleaded his former acquittal in bar of the second prosecution. The evidence introduced established that V. was not a witness at the prior trial, and that the transaction between him and the defendant was not presented to the court or considered by the jury upon that trial. *Held,* That the mere fact that the evidence tended to show the offense alleged in the information was committed before the filing of the first complaint was no bar; *and further held,* as the testimony introduced on the second trial established that the defendant was not acquitted upon the prior trial for any sale made to V., and that no evidence was offered on that trial concerning any such sale, the former acquittal of the defendant was no bar to his subsequent prosecution.

*Appeal from Wilson District Court.*

KUHUKE, at the May Term, 1882, was convicted of an unlawful sale of intoxicating liquors, and fined $100 and costs. He appeals. The opinion states the case.

*C. C. Chase,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: The defendant was convicted of selling intoxicating liquors without a permit, and fined one hundred dollars and costs. He appeals to this court. The information was filed May 4, 1882, charging in general terms that the offense was committed on the preceding 29th day of April. In the trial, after all the testimony of the state had been presented, the county attorney was required by the defendant to elect upon what particular sale he would rely for a conviction, and the attorney designated a sale made to one Joseph Vassar. Thereupon the defendant, with the leave of the court, filed a new and amended plea in bar, setting up a former acquittal. Evidence was then introduced to prove that the defendant had been tried on February 4, 1882, before a justice of the peace of Wilson county, upon a complaint filed January 20, 1882, charging him in general terms with selling intoxicating liquors on the 18th day of the same month, which trial resulted in a verdict of acquittal. Vassar was not a witness at the prior trial, nor was the transaction between him and the defendant, as testified to by Vassar, considered by the jury upon that trial. In that action, however, the county attorney was not required to elect, and did not elect, to rely upon any particular sale.

It is contended that, as under the first complaint, evidence of any sales prior to the 20th day of January, 1882, was competent to go to the jury hearing that case, the acquittal of the defendant on February 4, 1882, is a bar to all of-

fenses for the sale of intoxicating liquors made prior to January 20, 1882, whether proved at the trial, or not; and therefore, as there was some evidence that the sale to Vassar was prior to the filing of the first complaint, the defendant could not be convicted. The objection is not well taken. For distinct and successive sales there may be distinct indictments or informations, if the evidence in the subsequent case is not a part of the proof of the first. (Wharton's Cr. Pl. and Pr., 8th ed., § 472. See also *The State v. Shafer*, 20 Kas. 226; *The State v. Ainsworth*, 11 Vt. 91.)

In this case, not only was no testimony produced tending to show that the act for which the defendant was convicted was the alleged offense of which he was acquitted, but the evidence introduced established that he was never prosecuted or acquitted prior to his last trial for any sale to Vassar. Where *primâ facie* two complaints charge distinct offenses, an acquittal under the first is no bar to a prosecution or conviction under the second, where the evidence upon the trial under the subsequent complaint establishes that the transaction or offense testified to was not referred to in the evidence before the court or jury, or considered in the prior trial. The mere fact that the offense charged in the information was committed before the filing of the first or former complaint, is no bar.

The claim that the charge was erroneous and misleading must also be overruled. The defendant has singled out merely one clause or sentence, and upon this has attempted to argue that he was prejudiced thereby. But the whole charge must be taken together; and so qualified and construed, it was not erroneous and misleading. (*The State v. Dickson*, 6 Kas. 209; *Gillett v. Corum*, 7 id. 156.)

The judgment of the district court must be affirmed.

All the Justices concurring.