The State v. Dewey.

THE STATE OF KANSAS V. CHAUNCEY DEWEY, J. W.
MCBRIDE, AND CLYDE WILSON.

No. 14,795.    (85 Pac. 796.)

THE STATE OF KANSAS V. CHAUNCEY DEWEY, J. W.
MCBRIDE, AND CLYDE WILSON.

No. 14,796.    (85 Pac. 796.)

THE STATE OF KANSAS V. CHAUNCEY DEWEY, J. W.
MCBRIDE, AND CLYDE WILSON.

No. 14,797.    (85 Pac. 796.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Continuance—Discharge—Waiver.*  A per-
son under indictment and held to bail who claims the right
to be discharged because he has not been brought to trial
before the end of the third term of court held after the in-
dictment was found or information filed must bring himself
within the spirit and intention of the statute in order to be
entitled to its benefits.  His rights under the statute may be
waived.  If he has consented to a continuance of his cause
at the third or any subsequent term, or failed to object to
such continuance made when he was present, such term can-
not be claimed by him as one of the terms at which he should
have been brought to trial.  (See *post*, p. 739.)

2. ——— *Discharge — Acquittal.*  The discharge of a person
under indictment when not brought to trial, as provided in
section 221 of the code of criminal procedure (Gen. Stat.
1901, § 5666), amounts to an acquittal of the offense charged.

Appeals from Norton district court; ABEL C. T.
GEIGER, judge.  First opinion filed May 12, 1906.  Af-
firmed.  Rehearing granted October 6, 1906.  Second
opinion filed February 9, 1907.  Reversed.

*C. C. Coleman,* attorney-general, and *F. S. Jackson,*
assistant attorney-general, for The State.

*Waters & Waters,* for appellants.

The opinion of the court was delivered by

PORTER, J.:  In the first of these cases appellants
were charged with assault with intent to kill Roy
Berry, in the second with murder in the first degree

for the killing of Alpheus W. Berry, and in the third with murder in the first degree for the killing of Daniel P. Berry.

On May 1, 1905, the first day of the regular May term of court, appellants filed motions in each case, under section 221 of the code of criminal procedure (Gen. Stat. 1901, § 5666), asking to be discharged on the ground that more than three terms of court had elapsed after indictment without their having been brought to trial. On the 2d day of May these motions were denied; at the same time, upon the request of the county attorney, and over the objections of appellants, the court entered an order in each case dismissing it "without prejudice." Exceptions were saved, and the appellants bring the causes here for review. Error is alleged in the rulings on the motions of appellants and in the entering of the orders requested by the county attorney.

The record in each case discloses that the information was filed in the district court of Cheyenne county on December 2, 1903. On the application of defendants the venue was changed to Norton county, and a certified copy of the information was filed in the district court of that county January 12, 1904. The regular February term of the district of Norton county convened February 1, 1904, and at this term the cases were continued by the court. At the regular May, 1904, term of the court orders were entered for continuances over the term on account of there being no jury in attendance, none having been called. On the last day of the regular September, 1904, term of the court continuances were ordered by consent of the parties. The regular February, 1905, term of court convened February 6, 1905, at which time defendants appeared and announced themselves ready for trial, and the cases were passed until a later day. Afterward they were continued over the term, defendants being present and making no objection. The defend-

ants were on bail during all the time from the filing of the informations.

There are two questions raised: (1) Whether the court erred in denying the applications of appellants to be discharged; (2) whether error was committed in dismissing the actions without prejudice. The consideration of the first will necessarily dispose of the second. Our statute reads as follows:

"If any person under indictment or information for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to such offense, unless the delay happen on his application or be occasioned by the want of time to try such cause at such third term." (Gen. Stat. 1901, § 5666.)

There is some diversity of opinion among the members of the court with respect to the proper construction to be given this statute. According to one view, the words "before the end of the third term of court" refer to a distinct period of time measured by the first three successive terms of court, and if at the end of the third term the person under indictment be not entitled to claim the benefit of the statute because delay has happened on his application, or for want of time to try the cause, then a new period of like duration begins; the slate is wiped clean, and the state has another three-term period in which to bring him to trial. Under this theory single terms of court are not counted against the state and in favor of the accused. Another theory counts the first, second and third terms. If the accused ask for a continuance at the first, second or third term, or the delay at either of them be occasioned by want of time to try the cause, that particular term is not counted, and the state has an additional term in its stead in which to bring him to trial. Another view gives all importance to "such third term," and regards what transpired at the first

47—73 KAN.

or second as of no consequence. If at the end of the third term he be not entitled to claim the benefit for the reason that the delay at that term happened on his application, the state has another term in which to bring him to trial. In *The State v. Campbell, ante,* p. 688, it was held that the terms of court intervening while an appeal by the state is pending should not be counted, although the statute makes no exception in such a case.

In the cases at bar we are not left in doubt as to the theory of the trial court in refusing to discharge the appellants. The orders recite that the court held that if the applications should be presented at the last day of that term, or the first day of the following term, they would be granted. The court apparently considered that appellants were not entitled to count the third regular term of court for the reason that they consented to a continuance at that term, and were likewise not entitled to count the fourth for the reason that they were present and made no objection to the causes being continued at that term.

There is no diversity of opinion that in any view of the statute the appellants were not entitled to be discharged at the time their application was presented. A defendant may waive his rights under the statute. He may do this by consenting to, or by failing to object to, a continuance at the third or subsequent term. The court therefore committed no error in refusing to discharge the appellants. The regular third and fourth terms of court are not to be considered as terms at which they should have been brought to trial. In the one they consented to a continuance; in the other they were present and made no objection when the continuance was ordered.

Under a statute which has been construed so liberally as this has been—to mean that when discharged under it a defendant is to be deemed as acquitted of the charge against him (*The State v. Edwards,* 35

The State v. Dewey.

Kan. 105, 10 Pac. 544), we think that before a defendant is entitled to such an order he must bring himself clearly within the spirit and intention of the statute.  Its purpose was not to enable the guilty to escape upon technicalities, but to shield the innocent by preventing unnecessary and unreasonable delays. A defendant under indictment who consents, or raises no objection, to his case being continued is not within the purpose and intention of the law.  Delay does not hurt him; often it serves his purpose better than a speedy trial.  The judgment is affirmed.

All the Justices concurring.

## OPINION ON REHEARING.

### (88 Pac. 881.)

#### SYLLABUS BY THE COURT.

CRIMINAL LAW — *Continuance—Discharge—Statute Construed.* In determining whether a person under indictment and held to bail is entitled to be discharged under section 221 of the code of criminal procedure (Gen. Stat. 1901, § 5666), it is proper to count the terms of court held after indictment found or information filed, omitting any term at which the delay happened upon his application.  Any term at which he has consented to the delay or postponement cannot be claimed as one at which he should have been brought to trial; but a postponement or delay ordered by the court cannot be regarded as happening on his application merely because he fails to object.

The opinion of the court was delivered by

PORTER, J.:  These cases have been argued a second time, upon rehearing.  Upon further consideration we are of the opinion that the views expressed in the former decision are not in harmony with the true construction of the statute designed to carry into effect the constitutional guaranty of the right to a speedy trial.

There are numerous well-considered cases which

support the holding in the former opinion that a continuance granted when defendant is present and not objecting should be considered as made upon his application. This is expressly held in *Maxwell v. The State,* 89 Ala. 150, and *People v. Douglass,* 100 Cal. 1. Other courts have adopted the rule that there is a presumption that continuances were ordered by the court for good cause, and that before defendant is entitled to a discharge by an appeal to a court of review or upon *habeas corpus* the contrary must be made to appear affirmatively. (*Johnson v. State,* 42 Ohio St. 207; *State v. Mollineaux,* 149 Mo. 646, 51 S. W. 462.) But in *In re Begerow,* 133 Cal. 349, 65 Pac. 828, 85 Am. St. Rep. 178, 56 L. R. A. 513, the exact contrary is held, and it is said that there is no presumption that good cause existed for the trial court's action. This court decided in *In re McMicken, Petitioner,* 39 Kan. 406, that where it clearly appears from the record that the delay did not happen upon the application of the accused, or was not occasioned by want of time to try the case, and that his discharge was not refused to obtain material evidence at a succeeding term, there could be no question that he was entitled to his discharge.

We are inclined to regard the statute as imperative, and to hold that it is enough for defendant to show that the terms of court fixed by the statute passed without his having been brought to trial, and that the delay was not caused upon his application or by want of time to try the case. This is practically what was held in *In re McMicken, Petitioner, supra,* and is the view taken by many of the courts. (See *People v. Morino,* 85 Cal. 515; *The People, ex rel., v. Matson,* 129 Ill. 591.)

The case of *In re Begerow, supra,* is reported in 85 Am. St. Rep. 178, and in 56 L. R. A. 513, with very full annotations, in which will be found the rulings of the courts upon statutes similar to ours. A review of these authorities discloses such variance and conflict that they furnish little assistance in determining the

proper construction to be given to the statute here. The legislature, in making provision for carrying into effect the constitutional guaranty of a speedy trial, has declared that at the end of the third term of court the accused shall be discharged, if not brought to trial before that time, provided the delay has not happened on his application, or been occasioned by want of time to try the cause at such third term. Two questions arise: (1) Shall a continuance to which the accused makes no objection be held to have been made upon his application? (2) How shall the words "by the want of time to try such cause at such third term" be construed? The meaning of "application" is the employment of means to accomplish an end. It denotes affirmative action, not passive submission. Giving the term its ordinary and literal meaning, it would seem that a postponement ordered by the court upon its own motion, or upon the application of the state, should not be regarded as happening upon the application of the accused merely because he fails to object. We are of the opinion that our former ruling, that by the failure to object to a continuance at any term the person under indictment loses the right to count that term as one at which he should have been brought to trial, is not in harmony with the intent of the statute or the proper regard for the constitutional guaranty of a speedy trial.

The second question—How shall the language of the statute, "by the want of time to try such cause at such third term," be construed?—is, we think, not difficult. Obviously it has reference to the condition of affairs at such third term only. It is a saving clause, designed to protect the right of the state still to bring the accused to trial at a succeeding term in those instances where the state has not been dilatory at the third term, but, on the contrary, was ready for trial and was only prevented by circumstances which the statute recognizes as liable to occur, and over which

the state has no control—want of time to try the cause at such third term.

Referring again to the facts which are recited in the former opinion, it clearly appears from the record that at the first, or February, 1904, term the causes were continued by the court. No reasons are stated, and this must be counted as the first term. At the May, 1904, term continuances were ordered by the court for the reason that there was no jury present. The failure to provide for the attendance of a jury to try causes must, beyond question, be regarded as one of the very things the constitutional guaranty of a speedy trial was designed to meet. If an exception can be written into the statute so that a delay caused by the neglect of official duty is to be considered as a good excuse for failure to bring the accused to trial, the constitutional right could be frittered away indefinitely.

It further appears that at the September term the appellants consented to continuances, and we hold that this term cannot be counted as one at which they should have been brought to trial. But there was a February, 1905, term of court; and it appears that the appellants announced themselves ready for trial on the first day, but the court made an order passing the cases until a later day in the term, and afterward they were continued generally. Throwing out the September, 1904, term—when the continuances were by consent—it follows from what has been said that the February, 1905, term should be counted as the third term; and when the state failed to bring the appellants to trial before the end of that term they were entitled to be discharged, if they had made application. Application was made at the next, or May, 1905, term, and the court erred in not ordering their discharge.

Many courts have said that the enumeration of some causes for delay does not exclude all other causes, and have held that where the delay at the third term is occasioned by the illness or death of the trial judge or

*In re* Smith.

prosecuting attorney, or the occurrence of some un-foreseen accident, the accused is not entitled to his discharge. (*People v. Camilo*, 69 Cal. 540; *State v. Huting*, 21 Mo. 464.) Without passing on that question, it is, we think, obvious that no cause for delay such as contemplated by the statute occurred in the present cases. The weight of authority is that the statute is imperative, and should receive a liberal construction in favor of liberty, having always in mind that its purpose is not to shield the guilty but to protect the innocent. (To the same effect see *State v. Wear,* 145 Mo. 162; *State v. Kuhn,* 154 Ind. 450; *People v. Moran,* 144 Cal. 48.)

The judgments are reversed, and the causes remanded, with instructions to order the discharge of the appellants.

All the Justices concurring.