No. 28,352.

THE STATE OF KANSAS, *Appellee*, v. PORTER PATTERSON, *Appellant*.

(271 Pac. 390.)

Opinion filed November 3, 1928.

*Howard Rooney* and *Charles Rooney,* both of Topeka, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Paul H. Heinz, Edward Rooney* and *Ralph W. Oman,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a prosecution for the unlawful possession of intoxicating liquor—a misdemeanor. Defendant was convicted. He has appealed, and contends, first, that his motion to discharge should have been sustained; and, second, that his plea in abatement should have been sustained.

The information in this case was filed October 21, 1927, and charged the offense as of the "—— day of July, 1926." The mo-

tion to discharge avers that this defendant, on a complaint and warrant dated August 20, 1926, was charged and arrested as a persistent violator of the intoxicating liquor law; that such arrest was based upon unlawful possession of intoxicating liquor and referred to the same time, circumstances, facts and events relied upon by the state in this case; that upon the preliminary examination held under that complaint and warrant on October 12, 1926, defendant was bound over for trial to the district court; that defendant was ready for trial at the September, 1926, term of the district court, and through .no fault or request of his the case was continued to the January, 1927, term and was passed by the state, without the consent or request of defendant, to the April, 1927, term, and was likewise passed to the September, 1927, term; that in the September, 1927, term, and on October 4, 1927, the case was dismissed on motion of the county attorney, and that thereafter, and on October 21, 1927, the information in the case now on trial was filed, based on the same transaction and facts. It is contended that this constitutes a violation of R. S. 62-1432, which reads as follows:

"If any person under indictment or information for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending which shall be held after such indictment found or information filed, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happen on his application or be occasioned by the want of time to try such cause at such third term."

On the hearing of this motion evidence was offered tending to support the averments of the motion. The trial court overruled the motion on the ground that the statute did not apply when the first case was dismissed. Appellant complains of this ruling. The reason given for the ruling is erroneous. It is argued by the state in its brief that since no motion was made to discharge in the felony case, although the time when such a motion could be made had ripened, the state could dismiss that case and bring a new charge based on the same facts, and that defendant was in no position to complain. It will be noted that· he did complain as soon as action was brought on the new charge. But even passing that consideration, it will be noted that the statute provides "he shall be entitled to be discharged so far as relates to such offense," when the facts of the case bring him within the terms of the statute. It seems to be the *offense* itself of which the person is entitled to discharge rather than the proceedings under which he had been previously charged with the offense. Under our statute a discharge amounts to an

acquittal of the offense. (*In re Edwards, Petitioner*, 35 Kan. 99, 104, 10 Pac. 539.) In *State v. Dewey*, 73 Kan. 735, 85 Pac. 796, 88 Pac. 881, it was held:

"The discharge of a person under indictment when not brought to trial, as provided in section 221 of the code of criminal procedure (Gen. Stat. 1901, § 5666), amounts to an acquittal of the offense charged."

Naturally where there has been an acquittal of the offense charged there can be no subsequent prosecution for that offense.

An examination of the record before us, however, discloses that neither appellant's motion nor his evidence in support of it, brought him within the provisions of the statute. It is true that in the brief filed on behalf of the state it is conceded that "more than three terms passed without a trial." This concession is not sustained by the record. The motion to discharge, and the evidence in support of it, disclosed that the preliminary examination was held on October 12, 1926, and an order made binding the defendant over for trial in the district court. This was at the September term of the district court. But there is no showing in the motion, nor in the evidence in support of it, when the information was filed in the district court in that case, and the statute (R. S. 62-1432) refers to the time when the information was filed (*State v. Braden*, 78 Kan. 576, 580, 96 Pac. 840), which, so far as the motion and evidence is concerned may have been later than the September, 1926, term of the district court. But passing the consideration of this point, for it may be rather technical, and referring again to the statute, it will be noted that a defendant held on bail shall be entitled to his discharge if he "shall not be brought to trial before the end of the third term of the court in which the cause is pending, which shall be held after such . . . information filed." Even if the information were filed at some time within the September, 1926, term of court, where bail was given by defendant for his appearance at the next term of the district court, the September, 1926, term should not be counted in computing the number of terms wherein defendant was entitled to discharge, for at least a part of it had passed before the information was filed, and it was not one of the terms "held after such . . . information filed."

A review of the former cases in this court in which the question of defendant's discharge under this statute was passed upon discloses that all of them are in harmony with the view here expressed. In *State v. O'Connor*, 6 Kan. App. 770, the information was filed in No-

vember, 1895, and the January, 1896, term of court was the first term considered on the motion to discharge. In *In re Edwards, Petitioner,* 35 Kan. 99, 10 Pac. 539, the information was filed one day before the May, 1885, term of the court, which term was the first counted on the motion to discharge. In *State v. Campbell,* 73 Kan. 688, 85 Pac. 784, an indictment was returned and filed January 25, 1904. The March, 1904, term of court was the first considered on the motion to discharge. In the cases of *State v. Dewey,* 73 Kan. 735, 85 Pac. 796, 88 Pac. 881, the informations were filed in Cheyenne county December 2, 1903. A change of venue was taken to Norton county, where the informations were filed January 12, 1904. The February term in Norton county was the first term considered on the motions to discharge. In *State v. Braden,* 78 Kan. 576, 96 Pac. 840, the transcript was filed September 18, 1906. The next term of court began in October, but the information was not filed until November 6. In the opinion it was said:

"The state is allowed three terms after the information is filed in which to bring the defendant to trial." (p. 580.)

And the opinion indicates that the October, 1906, term was not considered in passing upon the motion to discharge. In *State v. Morgan,* 84 Kan. 625, 114 Pac. 846, the information was filed in May, 1908. The term beginning the next September was the first term considered on the motion to discharge. In this instance, however, the case appears to have been dismissed by the trial court in the exercise of its discretion rather than under the statute. In *State v. Lewis,* 85 Kan. 586, 118 Pac. 59, the information was filed August 14, 1909, and the September, 1909, term of court was the first considered on the motion to discharge. In *State v. Hecht,* 90 Kan. 802, 136 Pac. 251, the information was filed August 31, 1911, and the September, 1911, term was the first considered on the motion to discharge. Hence, in determining whether or not defendant in the felony case was entitled to a discharge under this statute, we must disregard the September, 1926, term of court. The case was not brought to trial at the January, nor at the April, 1927, terms of court. The September, 1927, term of court was the third one "held after" the information was filed, and the case might have been tried at any time within that term of court. It was not tried then, but was dismissed. The defendant in that case was not entitled to his discharge under that statute before the end of the September, 1927, term of

court; but long before that time the case had been dismissed and a new information filed. Hence the ruling of the court in denying the motion to discharge was proper, although an incorrect reason was given for it.

Appellant contends that the court erred in overruling his plea in abatement. This plea averred that defendant had been once in jeopardy for this offense, having in another case (No. 11,325) been charged and tried on May 19, 1927, for the offense of possession of intoxicating liquor and found not guilty. It is further averred that the evidence in both cases is identical. An answer denied the allegations in the plea. The evidence relating to it disclosed that on May 18, 1927, an information was filed in the district court charging Porter Patterson with the offense of the unlawful possession of intoxicating liquor. He was tried on that information on May 19 to a jury, with the result that there was a verdict of not guilty. It is conceded that the evidence offered in that case related to a time, place and the circumstances other than in July, 1926. The trial court denied this plea, and appellant complains of that ruling. In support of his complaint he makes the ingenious and somewhat plausible argument that at the trial of the case in May, 1927, the state could have proved any unlawful possession of intoxicating liquor by defendant at any time within two years prior to the filing of the information in that case, citing *State v. Brooks*, 33 Kan. 708, 7 Pac. 591, and allied cases; that defendant in that case was compelled to be prepared to meet evidence relating to any claim on behalf of the state that he had unlawful possession of intoxicating liquor at any time within such two years; that in legal contemplation the defendant was tried for any and every offense of the unlawful possession of intoxicating liquor which the state had, or could have, against him within such two years, and that the jury's verdict of not guilty in that case was a decision upon this question and a finding that the defendant had not had unlawful possession of intoxicating liquor at any time within two years prior to the filing of the information in that case. Some authorities, among them *State v. Price*, 127 Ia. 301, are cited in support of this view. Many years ago this court had occasion to consider this identical question in *State v. Shafer*, 20 Kan. 226, and in *State v. Kuhuke*, 30 Kan. 462, 2 Pac. 689, where the specific question here presented was decided against appellant's contention. In such a situation it seems the true rule is that in a

plea of former acquittal to an offense it must be shown that the prior case related to the same offense charged or relied upon in the case on trial. See further on this point 16 C. J. 267, and cases collected in the note, 45 L. R. A., n. s., 977.

The judgment of the court below is affirmed.