No. 29,234.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM A. FRY, *Appellant*.

(291 Pac. 782.)

·Opinion filed October 11, 1930.

*C. Oakley McIntosh* and *Elisha Scott,* both of Topeka, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *.J. Glenn Logan,* county attorney, and *Lester M. Goodell,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from a conviction and judgment as a persistent violator of the liquor law on five counts.

The first assigned error is in the overruling of the motion to quash the information; first, because of variance between the warrant and the complaint and information, and also discrepancies between the warrant on the one hand and the journal entry of the former conviction and the proof; second, because the complaint and information in four of the five counts incorrectly charged the former conviction as being for both unlawful possession and maintaining a common nuisance, instead of being limited to the latter offense. It was held in the case of *State v. Smith*, 13 Kan. 274, that variance between the charge in the warrant and the information was not material. The principal variance and discrepancies complained of in this case are in the description of the former offense in the warrant. It alleged an unlawful sale, while in the complaint and information an unlawful possession and maintaining a common nuisance were charged. These are mere irregularities which might have been corrected upon application, but are such as are waived by the giving of a bond for appearance in district court, and as to the warrant, it cannot be challenged after preliminary examination and the giving of recognizance, the record in the case showing that a preliminary examination was had and a bond given. (*State v. Longton*, 35 Kan. 375, 11 Pac. 163; *State v. Tennison*, 39 Kan. 726, 18 Pac. 948.)

The charge in the information of the former conviction being for unlawful possession in addition to maintaining a common nuisance was simply charging more than the state could prove, which is not an unusual occurrence. It simply failed in its proof as to such conviction. There was no former conviction of possession, but there was of maintaining a common nuisance. It was not misleading, because it gave the name and division of the court and the date of the judgment, which judgment showed a conviction of only the common-nuisance count and a dismissal of the counts for possession and sale.

There was no error in overruling the motion to quash.

The second assignment of error is for the abuse of discretion in permitting the trial to proceed in the absence of the defendant. The record shows that the court interrupted the progress of the trial to inquire of the counsel for the defendant if he had sent the defendant out of the court room, and if he was raising any objection on that account. The attorney answered he was raising no objection and

that he had sent him out to call his witnesses. The defendant was at liberty on his bond and could go out and in at his pleasure, and where a defendant voluntarily leaves the court room during the trial it will not nullify the proceedings nor impair the validity of the verdict. (*State v. Thurston*, 77 Kan. 522, 94 Pac. 1011; *State v. Bland*, 91 Kan. 160, 136 Pac. 947.)

It is further urged that it was an abuse of discretion to permit the witnesses for the state to evade answering certain questions put to them in cross-examination, when on redirect examination they gave the information in substance promptly when interrogated. If this was an evasion, it went to the credibility of the witnesses and was not an error on the part of the court. A careful reading of the questions asked by the different counsel shows a wide difference in them. One called for the names of parties at a particular time and place, the other for the names of parties visiting several similar places in that township. The other evasion complained of was as to their not finding any liquor at defendant's place at a certain time. The court permitted defendant to ask the question repeatedly, and if the witnesses tried to avoid answering the question that was not an error of the court.

Appellant alleges error in the failure of the court to grant a new trial because of newly discovered evidence, the same being that of the wife of the defendant and one Marquet, who were said to have been present at the time the two alleged sales were said to have been made, and would testify that the two witnesses did call, but nothing was said about liquor and no liquor was sold or given to them. This appears to have been the substance of the testimony given by the defendant himself, and no mention was made by him as to any other person except his wife being present when these witnesses for the state called at his place. This evidence is not newly discovered because the defendant must have known at the time of the trial all he does now know about their being present at the time in question and their ability to corroborate his testimony. The only new feature about the whole matter is the knowledge of the present whereabouts of Marquet, which he did not know at the time of the trial.

"A motion for a new trial on the ground of newly discovered evidence, where the affidavits disclose that the defendant knew before the trial the facts proposed to be proven, and having testified on the trial he made no mention of such facts nor made any effort to secure the attendance of the proposed

witnesses, is properly overruled." (*State v. Cardwell*, 90 Kan. 606, syl. ¶ 2, 135 Pac. 597. See, also, *State v. Smith*, 114 Kan. 186, 217 Pac. 307.)

Appellant cites some decisions of this court rendered prior to and about the time of the enactment of the bone-dry and the persistent violation acts of this state to show that with allegations of only two sales and they only three hours apart not more than one offense was committed, or two at the most. But R. S. 21-2146, the amendment of the original persistent violations act, has conclusively settled that question in this state by specifically providing that—

". . . and every violation, directly or indirectly, of any provision of the prohibitory liquor law, by a person who has heretofore been or shall hereafter be once convicted of any violation of the prohibitory liquor law, shall be considered a separate and distinct felony."

See, also, *State v. Farrow*, 114 Kan. 202, 217 Pac. 700; *State v. Oliver*, 129 Kan. 719, 284 Pac. 357.

The last assignment of error urged by the appellant is that he was, under R. S. 62-1432, entitled to be discharged because he was not brought to trial before the end of the third term of the court in which the case was pending, counting the pendency from the time he was bound over instead of the date of filing the information. It is also claimed that as the original complaint charging only misdemeanors was dismissed in the Topeka court before the hearing on the complaint charging felonies, the pendency should date from the first complaint, but that was in a different court and will not apply under the statute. The first complaint seems to have been filed December 23, 1927. On December 30 a new complaint was filed charging felonies, and a few days later the first was dismissed. On December 31 defendant gave bond and the preliminary hearing was continued in the court of Topeka from time to time until March 2, 1928, when it was had, and defendant was bound over to the district court and gave bond for his appearance in the district court. The information was filed in the district court April 4, 1928, two days after the beginning of the April term in Shawnee county.

Appellant argues that the pendency should be counted from the time he was bound over to the district court and gave bond, and that the delay of the county attorney in filing the information should not deprive him of the right of discharge under the statute. It has been frequently held in this court that the case is pending under the provisions of this statute only from the filing of the in-

formation, and no good reason has been presented justifying a departure from that rule.

"The state is allowed three terms after the information is filed in which to bring a defendant to trial. In this case the information was not filed until November 9, 1906. The trial was had at the May term following. The information could have been filed at the October term, 1906, as the transcript from the justice of the peace who held the preliminary examination was filed September 18, 1906. If the defendant desired to hasten the trial he should have made application to the court to require the information to be filed at the beginning of the October term." (*State v. Braden,* 78 Kan. 576, 580, 96 Pac. 840.)

"When a defendant in a criminal case seeks a discharge under R. S. 62-1432 he must show that three terms of court have passed without a trial or any continuance requested by him after the information was filed. When the information is filed at some time within a term of court the remaining portion of that term should not be counted as one of the terms of the court after the information was filed." (*State v. Patterson,* 126 Kan. 770, syl. ¶ 2, 271 Pac. 390.)

A very earnest presentation is made of the complete reformation of the defendant since having been paroled by the trial court on a former and different conviction, all of which is good and encouraging news and particularly appropriate to be presented to the trial court or the board of administration on an application for parole, but we are not advised by the learned counsel for the appellant how this court can use such information under its appellate jurisdiction.

The rulings of the trial court are approved and the judgment is affirmed.

HARVEY, J., not sitting.