No. 30,101.

In re Application of E. C. Trull for Writ of Habeas Corpus.

(298 Pac. 775.)

Opinion filed May 9, 1931.

*James M. Meek, C. Clyde Myers,* both of Kansas City, and *Edward Rooney,* of Topeka, for the petitioner.

*Frederick R. White,* county attorney, *Lee E. Weeks* and *A. L. Berger,* both of Kansas City, for the respondent.

The opinion of the court was delivered by

SLOAN, J.: The petitioner, who had been bound over to the district court of Wyandotte county to answer certain criminal charges, was denied release on a writ of habeas corpus, and appeals.

On June 19, 1928, the petitioner, the president of the Farmers Union State Bank of Kansas City, was arrested on a warrant charging him in four counts with intent to deceive the officers of the bank and the agents of the state bank department by feloniously making use of the name of the bank as payee in certain forged notes which were received by the petitioner as part of the assets of the bank. On preliminary hearing held September 21, 1928, the city court found that an offense had been committed and that there was probable cause for believing the petitioner guilty, and bound him over to

the district court for trial. On the same day he gave a continuing bond in the sum of $7,500 for his appearance before the district court, and a transcript of the proceedings in the city court was filed with the clerk of the district court. On January 10, 1929, the case was continued on the application of the petitioner until the March, 1929, term. On June 10, 1929, the case by agreement was again continued until the September, 1929, term. No further orders of continuance were made during the subsequent terms of the pendency of these proceedings. On January 20, 1931, an information was filed by the county attorney, and a copy thereof was served on the petitioner. On January 28, 1931, the petitioner filed a motion for his discharge, which was overruled by the second division of the district court.

Thereafter, on the same day, he filed a petition for writ of habeas corpus in which he alleged that he was being unlawfully deprived of his liberty by the sheriff of Wyandotte county; that a criminal action against him was carried on the trial dockets of the district court commencing with the September, 1928, term, up to and including the December, 1930, term; that the action was not tried for more than eight terms after the same was docketed; that the delay did not happen on his application, nor was it occasioned by lack of time to try the case; that he has not been given a speedy trial as provided by the constitution; and that he is not guilty of any of the offenses charged in the information; and asked to be released from such unlawful detention.

The sheriff answered alleging that he was holding the petitioner by virtue of the warrant issued on the 19th day of June, 1928, and the order of the district court directing the petitioner into the custody of the sheriff at the request of the petitioner's attorney. On these issues the case was tried in the fourth division of the district court on January 28 and 29, 1931. The evidence tended to support all of the allegations of the petition. The court denied the petition, from which order this appeal is taken.

It is the contention of the petitioner that his constitutional rights have been violated in that he has not been allowed a speedy trial as provided by article 10 of the bill of rights in the constitution of this state. He concedes that he does not come within the purview of R. S. 62-1432 as construed by this court. The question thus presented requires a consideration of the constitution and statutes.

Section 10 of the bill of rights in the constitution declares that:

"In all prosecutions the accused shall be allowed . . . a speedy public trial by an impartial jury . . ."

R. S. 62-1431 is as follows:

"If any person under indictment or information for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

R. S. 62-1432 is as follows:

"If any person under indictment or information for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to such offense, unless the delay happen on his application or be occasioned by the want of time to try such cause at such third term."

R. S. 62-804 is as follows:

"It shall be the duty of the prosecuting attorney for the proper county to inquire into all cases of preliminary examinations as provided by law touching the commission of any offense, whenever the offender shall be committed to jail, or be recognized or held to bail; and if the prosecuting attorney shall determine in any such case that an information ought not to be filed, he shall file with the clerk of the court a statement in writing containing his reasons, in fact and in law, for not filing an information in such case; and such statement shall be filed on the first day of the term of the court at which the offender shall be held for appearance."

This court has repeatedly held, under the statute, that only the terms of court during which the information is actually on file are considered in determining when the defendant is entitled to a discharge. (*State v. Braden,* 78 Kan. 576, 96 Pac. 840; *State v. Patterson,* 126 Kan. 770, 271 Pac. 390; *State v. Fry,* 131 Kan. 277, 291 Pac. 782.)

It is generally held that the statutes supplement the constitution and are to be regarded as rendering the constitutional guaranty effective and constitute a legislative definition of what is, under the circumstances named, a reasonable and proper delay in bringing an accused to trial.

This court, in the case of *In re McMicken,* 39 Kan. 406, 408, 18 Pac. 473, said:

"Section 10 of the bill of rights in the constitution of the state declares that in all prosecutions the accused shall be allowed a speedy public trial. The

statute is intended practically to carry out that right by prescribing a definite and uniform rule for the government of courts in their practice."

It also said in *State v. Dewey,* 73 Kan. 739, 741, 88 Pac. 881:

"The meaning of 'application' is the employment of means to accomplish an end. It denotes affirmative action, not passive submission. Giving the term its ordinary and literal meaning, it would seem that a postponement ordered by the court upon its own motion, or upon the application of the state, should not be regarded as happening upon the application of the accused merely because he fails to object. We are of the opinion that our former ruling, that by the failure to object to a continuance at any term the person under indictment loses the right to count that term as one at which he should have been brought to trial, is not in harmony with the intent of the statute or the proper regard for the constitutional guaranty of a speedy trial."

In the same opinion, on page 743, the court said:

"The weight of authority is that the statute is imperative, and should receive a liberal construction in favor of liberty, having always in mind that its purpose is not to shield the guilty but to protect the innocent."

The statement in the opinion in the case of *State v. Braden,* 78 Kan. 576, 580, 96 Pac. 840, to the effect that the defendant, if he desired to hasten the trial should have made application to the court to require an information to be filed, is not in harmony with the trend of the decisions in this state. The rule is that the defendant need not take any affirmative action. The duty and responsibility of providing the accused with a speedy trial is on the officers of the state.

Can the county attorney by not filing the information thwart the force of the constitution? We do not appear to have any statute stating in definite terms when the information shall be filed. In R. S. 62-804 it is made the duty of the county attorney to inquire into all preliminary examinations and, if he shall determine that an information ought not to be filed, he shall file with the clerk of the court a statement in writing containing his reasons therefor on the first day of the term of court at which the offender is held for appearance. This does not apply to the information, but it is clearly made the duty of the county attorney to act diligently and file the information without unnecessary delay.

"The failure to provide for the attendance of a jury to try causes must, beyond question, be regarded as one of the very things the constitutional guaranty of a speedy trial was designed to meet. If an exception can be written into the statute so that a delay caused by the neglect of official duty is to be considered as a good excuse for failure to bring the accused to trial,

the constitutional right could be frittered away indefinitely." (*State v. Dewey*, 73 Kan. 739, 742, 88 Pac. 881.)

"This constitutional provision, adopted from the old common law, is intended to prevent the oppression of the citizen by holding criminal prosecutions suspended over him for an indefinite time; and to prevent delays in the administration of justice, by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal accusations." (8 R. C. L. 70.)

"But if the trial, by reason of the neglect or laches of the prosecution in preparing for it, is delayed beyond such period, when there is a term of court at which it might be had, such delay is a denial to the defendant of his right to a speedy trial." (8 R. C. L. 71.)

The constitutional provision is a direction to the prosecuting officer to act and not delay the prosecution of those charged with crime. The right to a speedy trial has been jealously guarded by the English people since the signing of the Magna Charta. It is a part of the common law of this country. It was written into the constitution of the United States and has been adopted as a part of the bill of rights of this state. A right so sacredly guarded cannot be lightly ignored. It is a right, not a privilege, and cannot be frittered away by the laches of public officers.

No cause is shown for the delay of the county attorney in filing the information. The petitioner was arrested on the 19th day of June, 1928. His preliminary hearing was held the 21st day of September, 1928. No information, however, was filed until January 20, 1931, more than two years after the filing of the transcript in the case. During that period nine terms of the court passed, at two of which the case was continued either on the agreement or the application of the petitioner. The prosecuting officers have been derelict in the performance of their duty. This cannot be charged to the petitioner. He has not been allowed a speedy trial as provided in the constitution, and must be discharged.

It is contended by the appellee that this court should not entertain this appeal because the petitioner voluntarily surrendered himself to the sheriff. If the imprisonment is unlawful the petitioner is entitled to the writ regardless of how he came into the custody of the officer. We find no merit in this contention.

It is the order of this court that the judgment of the lower court be reversed and that the court enter judgment for the petitioner discharging him.