No. 38,422

THE STATE OF KANSAS, *Appellee*, v. C. L. ROWLAND, *Appellant*.

(239 P. 2d 949)

Opinion filed January 26, 1952.

*Earl C. Moore*, of Wichita, argued the cause, and *Clark V. Owens*, of Wichita, was with him on the briefs for the appellant.

*Ralph R. Rader*, county attorney, argued the cause, and *Harold R. Fatzer*, attorney general, and *Willis H. McQueary*, assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant was tried on an information containing six counts charging (1) Forgery of a check for $45, dated August 28, 1948, purportedly drawn by Harry Cooley, payable to Tod Moore. (2) Uttering the check on August 28, 1948, to J. P. Gothard with intent to cheat and defraud Gothard and C. M. Crismas. (3) Forgery of a check for $45, of the same date and tenor as in count 1. (4) Uttering the check on August 28, 1948, to Carl Lauffer with intent to cheat and defraud Lauffer and Neil Winn. (5) Forgery of a check for $45, of the same date and tenor as in count 1. (6) Uttering the check to Kenneth Parker with intent to cheat Parker and J. F. Brown. Defendant was convicted of counts 2, 4 and 6, and his post-trial motions being denied, he appealed to this court. We here note that the abstract contains many statements that the transcript of the record is inaccurate or incomplete, but apparently no effort was made to have it corrected as provided by statute (see G. S. 1949, 20-911; 60-3311). The abstract, counter-abstract and supplements thereto include statements of events and documents which concededly are not part of the record. These latter matters must be ignored. We have limited our statements to the record as abstracted.

The abstracts disclose that the above named Brown made a complaint on September 25, 1948, against the defendant, a warrant was issued and on November 17, 1948, he was arrested in Wichita. Without detailing the facts, it may be said defendant was not returned to Elk County. Nothing further occurred until March 19, 1949, when an amended warrant, charging the six offenses above noted, was filed, the defendant was arrested, a preliminary hearing was had and defendant was released on bond. On April 16, 1949, an information charging the six offenses was filed. It is here noted that terms of court in Elk County commence on the first Mondays in January and May and the third Monday in September of each year (G. S. 1949, 20-1013). No trial was had at the May term. At the September term and on October 4, 1949, on motion of the county attorney the case was dismissed without prejudice

to a future prosecution. At some undisclosed date thereafter but prior to August 1, 1950, defendant commenced a civil suit for damages against Gothard and others. On August 21, 1950, defendant was rearrested, a preliminary hearing was had, defendant was released on bond and on August 23, 1950, an information was filed. No trial was had at the September term. Defendant was tried at the January, 1951, term and on February 23, 1951, the jury returned a verdict of guilty against him on the second, fourth and sixth counts, and reported it was unable to agree on the other counts. A motion for a new trial was filed, and on March 10, 1951, it was heard and denied and the defendant sentenced. In due time defendant served his notice of appeal. We shall discuss his specifications of error insofar as is necessary for determining the appeal.

We take up first defendant's contention that the trial court erred in denying his motion that he be discharged because he had been denied a speedy trial under section 10 of the Bill of Rights of our State Constitution, and because he was not brought to trial before the end of the third term after the first information was filed against him as provided in G. S. 1949, 62-1432. The substance of his argument is that the first information was filed against him on April 16, 1949, and that he was not tried on the second information until in February, 1951, and therefore was deprived of a speedy trial. In support he directs attention to *In re Trull,* 133 Kan. 165, 298 Pac. 775, where Trull was discharged in a habeas corpus proceeding wherein it appeared that he was arrested and given a preliminary hearing on September 21, 1928, but no information was filed until January 20, 1931. It is noticed here however that the first prosecution of defendant was abated and a second prosecution commenced at a later date, a matter later considered. We think the Trull case is not decisive here but point out that it was said therein:

"This court has repeatedly held, under the statute, that only the terms of court during which the information is actually on file are considered in determining when the defendant is entitled to a discharge. (*State v. Braden,* 78 Kan. 576, 96 Pac. 840; *State v. Patterson,* 126 Kan. 770, 271 Pac. 390; *State v. Fry,* 131 Kan. 277, 291 Pac. 782.)" (1. c. 167.)

Pointing out that the first information was filed against him on April 16, 1949, that he was not tried at the May term, that the case was dismissed at the September, 1949, term, that the January, 1950, term passed, that he was re-arrested during the May, 1950,

term and after a preliminary hearing a new complaint was filed for the identical offenses covered by the April, 1949, information, that he was not tried at the May or September terms of 1950, defendant contends that he is entitled to his discharge under G. S. 1949, 62-1432. It is here observed that the record as abstracted, as distinguished from statements outside the record made in the briefs, does not disclose on whose application any of the several continuances were had. If defendant's premise were sound, his conclusion might be correct. (See cases set forth in West's Kan. Dig., Criminal Law, § 576, Hatcher's Kan. Dig., Criminal Law, § 79.) In support of his contention that the number of terms must be counted from the date the first information was filed and that the dismissal of the first case was ineffectual to extend the time in which he must have been tried, defendant relies almost wholly on *Brooks, et al., v. People*, 88 Ill. 327, where it was held that under a statute requiring trial within a limited time, a trial within that time could not be circumvented by the dismissal of the indictment and a prosecution had on a second indictment for the same offense, a holding followed in later Illinois cases.

However, in *State v. Wigger*, 196 Mo. 90, 93 S. W. 390, in a case quite like the one before us, and where a statute almost identical with ours (G. S. 1949, 62-1432) was relied on, it was held:

"When the prosecuting attorney dismisses an information previously filed and files a new information, in determining whether defendant is entitled to his discharge on the ground of three continuances, the terms of court which lapse under the prior information must be excluded." (Syl. ¶ 1.)

The last decision was followed in the later case of *State v. Schyhart*, (Mo.) 199 S. W. 205.

Although not arising under statutes similar to those of this state, in the following cases it was held that an accused was not denied a speedy trial because the indictment or information on which he was tried, superseded a preceding one which had passed a term without trial. See *State v. Bige*, 198 Iowa, 573, 198 N. W. 510; *People v. Romero*, 13 Cal. App. 2d 667, 57 P. 2d 557, and *In re Rosenberg*, 23 Cal. App. 2d 265, 72 P. 2d 559. See, also, 22 C. J. S. (Criminal Law, § 468) p. 718.

Whatever may be the rule in other jurisdictions, this court long ago decided that the entering of a *nolle prosequi* with consent of the trial court did not prejudice a fresh prosecution on a new information charging the identical offense set forth in the prior in-

formation. See *The State v. Rust,* 31 Kan. 509, 3 Pac. 428, and cases cited. In *The State v. Hart,* 33 Kan. 218, 6 Pac. 288, it was held:

"And after a new trial has been granted on the motion of the defendant in a criminal case, the attorney for the state, with the consent of the court, may enter a *nolle prosequi* without prejudice to a future prosecution, and thereafter the defendant may be put upon his trial and convicted upon a new information charging the identical offense set forth in the prior information." (Syl. ¶ 3.)

In *The State v. Child,* 44 Kan. 420, 24 Pac. 952, it was held:

"The mere entry of a *nolle prosequi,* or the dismissal of an indictment, with the consent of the court, is no bar to the filing of another indictment or information for the same offense.

"Where a prosecution fails, on account of a defective indictment or information, the time during which it is pending is not to be computed as a part of the time limited for prosecution, and the accused, after the *nolle* or dismissal of an indictment or information, may, within the time prescribed, be again proceeded against for the same offense." (Syl. ¶¶ 1, 2.)

In our opinion the trial court did not err in denying defendant's motion that he be discharged.

Defendant contends that the trial court erred in denying his motion for a new trial. We shall not discuss at length each contention made. As has been indicated, the information charged the forgery and uttering of three checks each for $45, each check being drawn on the same bank with the same maker and payee, and the proof showed that all three checks were presented to and received by other persons in Howard, Kansas, during a short period of time on the night of August 28, 1948. In its proof with respect to the uttering of the checks the state's evidence tended to show that one person uttered all three of the checks, and that defendant was that person. Gothard, who cashed one check, testified at length, identifying defendant as the person who gave him the check. On cross-examination he was asked whether after the first prosecution was dismissed, Rowland had not filed a civil suit against the witness and others for damages, the state objected, defendant urged that the question went to the witness' credibility, and thereafter the trial court sustained the state's objection. Lauffer, who cashed the check involved in counts 3 and 4, also testified at length and identified the defendant as the one who presented the check. On cross-examination he was asked if he had any interest in the outcome of the prosecution and the state's objection to the question was sustained.

It need not be stated at length that identity of the defendant as the person who cashed the checks was the most important element of the state's proof in connection with counts 2, 4 and 6, of the information, and if it failed there the defendant could not be convicted, and it was therefore highly important to the defendant that witnesses testifying as to his identity be thoroughly tested under recognized rules of procedure. While our decisions recognize that the extent to which cross-examination of a witness in an action may be allowed is in the discretion of the trial court, it is also recognized that a more searching examination is to be allowed of a witness who is a party principal, and that where the determination of the main issue of fact must largely depend upon the credence to be given the testimony of a litigant witness a wider range of cross-examination should be allowed than is usually permitted in the cross-examination of witnesses in general. (See *The State v. Pugh,* 75 Kan. 792, 90 Pac. 242; *Zinn v. Updegraff,* 113 Kan. 25, 37, 213 Pac. 816; *Tawzer v. McAdam,* 134 Kan. 596, 7 P. 2d 516; *Wood v. McKeever,* 141 Kan. 323, 327, 41 P. 2d 989; and *Kelly v. Meyer,* 156 Kan. 429, 134 P. 2d 658.) In a rather late criminal action, *State v. Collins,* 162 Kan. 34, 174 P. 2d 126, the rule was stated:

"The general rule is that a witness may be cross-examined for the purpose of disclosing his interest in the action, his hostile feeling, and the extent thereof, in order that the jury may determine the weight and credibility it will accord all, or any portion, of his testimony." (Syl. ¶ 4.)

See, also, 70 C. J. (Witnesses, § 1165) p. 958.

In the instant case, the trial court, by its ruling, cut off completely the right of the defendant to cross-examine those witnesses who had been defrauded and whose testimony was absolutely necessary to a conviction, as to their being parties to the civil action brought by him against them and interested in the outcome of the criminal action. In our opinion the refusal to permit the cross-examination was error, and that it was prejudicial to the defendant cannot be gainsaid. On this ground defendant is entitled to a new trial.

We note also that defendant contends the evidence was insufficient to sustain the verdict of the jury in that only one expert witness testified with respect to the forged signatures on the purported maker of the check, while under G. S. 1949, 62-1427, at least three such witnesses are required. The abstracts do not contain the evidence of any so-called handwriting experts, and if there were any,

we do not know what their testimony tended to prove. However, it does appear that Harry Cooley, whose name had been placed on the checks as the maker thereof testified that the signature was not his. In *State v. Maxwell*, 151 Kan. 951, 963, 102 P. 2d 109, a similar contention was made, considered and denied, reference being made to *State v. Leatherwood*, 129 Kan. 686, 284 Pac. 402, where it was held:

"The statute (R. S. 62-1427) that when persons of skill, or experts, be called to testify as to the genuineness of a note three witnesses shall be required to prove the fact does not apply when there is other evidence as to the genuineness of the instrument than that of the testimony of the experts." (Syl. ¶ 1.)

Defendant's contention that the trial court's instruction to the jury with reference to his plea of abili was erroneous has been examined, and without discussion, is found to be without merit.

Defendant's contention that the trial court erred in permitting the state to offer certain evidence in rebuttal has been examined. We note only that it was competent insofar as it tended to rebut defendant's claim of alibi. As abstracted, it is not clear that the testimony of Crismas as to a conversation with defendant in Severy, Kansas, a city about thirteen miles north of Howard, where the checks were passed, and purportedly had a week after the checks had been passed was proper as rebuttal testimony, although it may have been admissible in chief to show guilty knowledge.

Defendant's remaining contentions concerning the composition of the jury, misconduct of the jury, that the verdict was not supported by the evidence, and that he was entitled to a continuance, have been examined and found either without merit or unnecessary to decide, in view of our conclusion he is entitled to a new trial.

The judgment of the trial court is reversed and set aside and a new trial ordered.