HARDING LATSON, Appellant, v. THE STATE OF DELAWARE, Appellee.

*(December 9, 1958.)*

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*John T. Gallagher* for appellant.

*Joseph Donald Craven,* Attorney-General, and *Richard J. Baker,* Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 34, 1958.

SOUTHERLAND, C. J.:

The basic question in this case is whether the defendant was denied a speedy trial. He was arrested on January 15, 1957 for the crime of assault with intent to commit rape. He was committed to jail in default of bail. After the disposition of a series of motions and petitions he was finally brought to trial on April 9, 1958 and convicted. This extraordinary delay of about fifteen months came about in the following manner.

After his arrest in January the defendant was indicted on March 5, 1957 at the next term of court and pleaded not guilty. The court appointed counsel for him. On March 12 he moved to dismiss the indictment on the ground that the statutory definition of the crime includes the phrase "with violence", and that these words were omitted from the indictment. A schedule was set for filing three briefs on this very narrow point, the last brief to be filed April 12. The times were later extended by stipulation, *i. e.*, with the consent of defendant, the last brief to be filed May 3. This second schedule was not adhered to and the filing of briefs was not completed until May 17. In the meantime the calendar was called and the case continued until the September term. On May 20 the motion was submitted on briefs to the trial judge. He decided it September 23. He held the indictment defective. On September 27 he dismissed the indictment. Why the State did not seek a new indictment from the Grand Jury at the May term, and why four months' time was required to dispose of a technical motion of this sort are circumstances not explained by the record.

In dismissing the indictment the court did not, as permitted by Rule 12(b) (5), *Del. C. Ann.* order that the defendant be held in custody or that his bail be continued for a specified time pending the filing of a new indictment. Nor did he order the defendant's release. On the same day on which the indictment was dismissed a motion for the defendant's discharge was presented to another judge of the Superior Court and was granted on two grounds: (1) that the indictment had been dismissed, and (2) that the defendant had not been indicted and brought to trial within two terms of court and hence under the provisions of 10 *Del. C.* § 6910 and Rule 48(b) was entitled to discharge without obligation to furnish bail. The first ground was, in our opinion, the correct reason for the order.

Immediately upon his discharge under this order the defendant was re-arrested and brought before a committing magistrate. He was not accorded a preliminary hearing, as required by Rule 5(b), and was again committed in default of bail.

On October 2 defendant filed a petition for a writ of *habeas corpus* on the grounds (1) that he had not been afforded a preliminary hearing, and (2) that his discharge had released him from further obligation to furnish bail. On October 9 this motion was submitted to the trial judge for decision on an agreed statement of facts.

Before the decision on this motion, the defendant was, on October 21, again indicted by the Grand Jury. On October 25 defendant moved to dismiss the indictment on three grounds: (1) that the failure of the court, in its order of September 27 dismissing the indictment, to order the defendant held in custody was a final disposition of the charge barring further prosecution; (2) that the defendant had not been given a preliminary hearing; and (3) that after two terms of court had elapsed without indictment and trial the defendant could not be imprisoned in default of bail. This motion, together with the petition for *habeas corpus*, was submitted to the trial judge on briefs.

On January 16, 1958 (nearly three months later), the court filed an opinion. It held (1) that the provisions of Rule 12(b)(5) premitted the court, after dismissing an indictment, to hold the defendant in custody, but were not mandatory; and (2) that the provisions of Rule 5(c) requiring a preliminary hearing were mandatory, and the indictment must be dismissed. The correctness of this second ruling is certainly doubtful; but we are not required to review it in this case.

On the same day the trial judge entered two orders. The first granted the application for *habeas corpus* and ordered the defendant's release from custody. The second dismissed the indictment and ordered the defendant's release, but provided that nothing in the order should prejudice the right of the State to seek re-indictment and re-arrest of the defendant after the return of the new indictment.

The ground for both orders was the failure to accord the defendant a preliminary hearing.

For various reasons, these orders were not filed with the prothonotary in New Castle County until January 24.

In the meantime, on January 20, 1958 the defendant was for the third time indicted for the crime.

On January 23 the defendant moved to dismiss the indictment and on February 6 moved for discharge from prison and release on his own recognizance. These motions were based on substantially the same grounds as theretofore raised. On February 17 the court denied the motions.

On April 9 the defendant was brought to trial. He was found guilty and on May 2 sentenced to seven years' imprisonment, beginning January 16, 1957.

Defendant appeals. It is admitted that the trial was fair and the proceedings free of error. Defendant renews here the several contentions made below.

1. The first contention relates to the provisions of Rule 12(b) (5) of the *Rules of Criminal Procedure*. That rule provides in part as follows:

"* * * If the court grants a motion based on a defect in the institution of the prosecution or in the indictment or information, it may also order that the defendant be held in custody or that his bail be continued for a specified time pending the filing of a new indictment or information. * * *"

Defendant contends that if an order dismissing an indictment does not direct that the defendant be held in custody or his bail continued it constitutes a final disposition of the charge in the indictment and bars further prosecution.

The contention in effect is that the rule is mandatory; that the word "may" means "must". Cases are cited, involving express statutory provisions which are mandatory. These decisions are not in point in Delaware. The general rule is that after an indictment has been quashed as defective a new indictment may

be found and prosecuted, since jeopardy has not attached. 42 *C. J. S. Indictments and Informations* § 34, p. 890; 15 *Am. Jur., "Criminal Law"*, § 375. This we think is the law in Delaware, and we are of opinion that the Rule 12(b) (5) was not intended to change it.

The provisions of the rule, we think, merely embody the practice theretofore existing that on the dismissal of an indictment the defendant is not automatically entitled to discharge, and the court *may* hold him in custody. See *United States v. Town-Maker*, 28 *Fed. Cas. No.* 16, 533a.

An analogy is sought to be drawn from the practice in civil cases. It is said that if a complaint is dismissed for failure to state a cause of action without granting leave to amend the judgment is final. The analogy does not hold. The indictment here was not dismissed because it failed to state an offense; it was dismissed because it did not state the offense with sufficient particularity.

We are in accord with the opinion of the court below that the orders of September 27 did not effect a final disposition of the charge and did not prevent re-indictment.

2. Defendant's other contentions are (1) that he was denied a speedy trial, in violation of the applicable constitutional provision (Art. I, Sec. 7, *Del. C. Ann.*); and (2) that his re-arrests and incarceration after the dismissal of the first indictment and also after the dismissal of the second indictment were in violation of the provisions of 10 *Del. C.* § 6910. That statute provides:

"If any person is committed for treason or felony and is not indicted and tried at the next term of the court where such crime is cognizable, he shall be set at liberty on bail, unless it appears by affidavit that the witnesses for the State (naming them) could not then be had. If such prisoner is not indicted and tried at the second term after his commitment, he shall be discharged from prison."

The statute is obviously in furtherance of the policy of the constitutional provision. Its scope is narrower, since the discharge of the prisoner under the statute does not work a dismissal of the indictment. *Garner v. State, Del.*, 145 *A.* 2d 68, and cases cited. But in applying either the constitutional or the statutory provisions to any case, we must inquire the cause of the delay to determine whether the prisoner's rights have been infringed. So far as concerns the statute, we agree that if a defendant is committed for trial and, because of inaction by the prosecution, is discharged under the provisions of the statute, the law cannot be circumvented by re-arrest and re-commitment. But that is not this case.

We have recently considered a somewhat similar situation in the case of *Garner v. State, supra.* The delays in that case were attributable to motions filed by a co-defendant. It was held that such delays were not chargeable to the prosecution and that the prisoner's right to a speedy trial had not been denied, nor had his rights under the statute been violated.

In the instant case we find that the first delay, from March to September, 1957, was attributable to the defendant's motion to dismiss the indictment on technical grounds. This motion was granted. The immediate re-arrest, it is said, was unlawful and circumvented the provisions of the statute. But the statute does not apply to such a case. The weight of authority is to the effect that in a case of dismissal of an indictment the statutory period within which a prisoner must be brought to trial is not chargeable to the State and begins to run again only with re-commitment or re-indictment. *State v. Rowland*, 172 *Kan.* 224, 239 *P.* 2d 949, 30 *A.L.R.* 2d 455, and cases collected in the annotation, at pages 466-471. See also the following cases, holding that delays incident to dispositions of defendant's motions are not chargeable to the prosecution: *Wadley v. Commonwealth*, 98 *Va.* 803, 35 *S. E.* 452; *Ex parte Walton*, 2 *Whart., Pa.*, 501; *People v. Grace*, 88 *Cal. App.* 222, 263 *P.* 306; *MacKnight v. United States*, 1 *Cir.*, 263 *F.* 832.

■ Moreover, the procedure contemplated by Rule 12(b) (5), referred to above, is clearly inconsistent with the contention here made, since, notwithstanding lapse of time incident to a decision on a motion to dismiss, the prisoner may be continued in custody after the dismissal of the indictment.

■ The same general rule applies to the constitutional guarantee. Delay attributable to motions filed by the defendant is, at least in the absence of special circumstances, not chargeable to the prosecution. *Garner v. State, supra.*

■ It is said in this case that the initial delay of six months, as well as much of the subsequent delay, was caused by the failure of the State to procure a valid indictment promptly, and that in such a case the prisoner may rightly claim an infringement of his rights. The case of *Ex parte Bracey*, 82 *W. Va.* 69, 95 *S. E.* 593, gives some support to this contention. In that case a delay of several months in the decision of a demurrer to the indictment was held not chargeable to the defendant, but there had also occurred postponements of the trial at the request of the prosecution, over the defendant's objection. We agree that in the instant case the motion to dismiss should have been promptly decided, but we are not willing to hold that the time consumed by the court in the consideration and disposition of the motion is chargeable to the prosecution. The postponement of the case pending decision necessarily carried it over to the September term.

Nor do we agree with the holding in *Brooks v. People*, 88 *Ill.* 327, that unless the statute is applied to cases of delay caused by defendant's motions the way is open for the prosecution to delay trial by successive *nolle prosequis*. Such a situation can be dealt with when it arises.

The adoption of the reasoning of these cases would lead to a most unfortunate result. An invitation would be extended to every defendant committed in default of bail to indulge in a series of dilatory motions designed to postpone the case for

two terms of court and obtain a discharge from prison. The probable consequence of this thwarting of the requirement of reasonable bail would be the fleeing of the jurisdiction by many prisoners held for serious crimes.

It is our conclusion that the delay in 1957 is not chargeable to the prosecution.

The same comments and the same holding apply to the subsequent delay from October to January. The petition for the writ of *habeas corpus* should no doubt have been considered more promptly, but the defendant, after the finding of the second indictment, again moved to dismiss. The case for dismissal —the failure to give him a preliminary hearing—would seem to have become moot after the finding of the second indictment; but the court granted the motion, without prejudice to re-arrest and re-indictment, and the State moved promptly to re-indict. For the third time the defendant moved to dismiss, and the case necessarily went over to the March term, when it was tried.

We do not think that this record shows any delay caused by the prosecution. Although much of the delay could have been avoided by re-indictment of the defendant at the May 1957 term, the State had the right, if it saw fit, to stand on its right to obtain a court decision on this matter.

The long delay in bringing the defendant to trial was the direct result of the defendant's own actions. This is not said by way of criticism. Every defendant is entitled to insist upon every safeguard that the law throws around the conduct of a criminal cause. But if he elects to file motions raising preliminary legal questions he cannot reasonably say that the prosecution is delaying his trial. A motion to dismiss is not a demand for a speedy trial. *Pietch v. United States*, 10 *Cir.*, 110 *F*. 2d 817, 129 *A. L. R.* 563.

We are of opinion that the defendant's right to a speedy trial was not violated.

It should also be noted that in sentencing the defendant the court gave full allowance to the time during which he had been imprisoned in default of bail.

The judgment of the Superior Court is affirmed.