UNITED STATES of America ex rel.
William Turner JOHNSON, Jr.,
Petitioner,

v.

Paul KEVE, Corrections Commissioner,
Warden Raymond Anderson,
Respondents.

No. 199.

United States District Court,
Delaware.

Oct. 21, 1974.

Richard Allen Paul, Chief Asst. Public Defender, Wilmington, Del., for petitioner.

Francis A. Reardon, Deputy Atty. Gen. for the State of Delaware, Wilmington, Del., for respondents.

OPINION

LAYTON, District Judge.

Pursuant to 28 U.S.C. § 2254, Petitioner seeks to be released from a sentence imposed by the Delaware Superior Court, and affirmed by the Delaware Supreme Court.[1] He claims to have been denied the Sixth Amendment right to a speedy trial, made applicable to the States by the Fourteenth Amendment,[2] as the result of a four year delay between conviction and sentencing. The issue he raises, then, is whether, and to what extent, there exists a right to a speedy sentence.

Out of the confusing history of facts and dates that emerges from a stipulation and an evidentiary hearing, the relevant facts are these: In 1968 Petitioner, already in custody in Virginia, was brought at his own request and expense to Delaware to be tried for a Delaware offense. He pleaded guilty on April 5, 1968, and was returned to Virginia custody. Despite repeated requests by Petitioner and his counsel that Petitioner be sentenced, the Superior Court refused to do so while Petitioner was still in custody in Virginia. Petitioner alleges that he was informed by Virginia authorities that, had he been sentenced, he would have been paroled to Delaware custody and allowed to complete his Virginia term while serving the Delaware sentence.

Petitioner finished serving his Virginia term on August 7, 1969. Although, for various and complicated reasons, he was not returned to Delaware custody and sentenced until 1972, Petitioner was free until then, and does not allege that any prejudice resulted from the delay in sentencing after his release from Virginia custody. Therefore, the only allegedly prejudicial delay was that compelled by the Delaware Court's failure to sentence from April 5, 1968 to August 7, 1969—the sixteen months Petitioner was in Virginia custody. It is this period, and this period only, which I find to be

---

1. Johnson v. Keve, Del., 305 A.2d 622 (1973).

2. Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

relevant to Petitioner's claim that he was denied a speedy trial.

It has never been squarely held that the right to a speedy trial includes a right to a speedy sentence. Although a number of courts have recognized that in some circumstances such a right would exist, no court has yet found facts which would entitle a defendant to discharge after conviction.[3] The reason seems obvious: substantial delays in a trial would normally be far more prejudicial than delays in sentence after conviction. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); and Johnson v. Keve, supra.

Squarely on point is Brady v. Superintendent, 443 F.2d 1307, 1310, 1311 (4 Cir., 1971). In that case the Court, after assuming that failure to sentence speedily is of constitutional proportions, stated:

> "Although there are thus strong indications that the Sixth Amendment right to a speedy trial is applicable to the interval between conviction and sentencing, we need not decide that question. Even if we assume that the right applied and was violated here, the consequences suffered by Brady are not sufficient to warrant his release from custody.

> "Courts have consistently indicated in recent years that in order for delay to immunize a defendant from further proceedings or punishment, rather than merely entitling him to compel the state to proceed, some significant prejudice must either be demonstrated or be implicit in the circumstances. . . ."

At an evidentiary hearing devoted to finding facts relating to prejudice, all Petitioner could present was his own testimony concerning what he remembers being told by Virginia authorities: that if the Delaware Court sentenced

him, Petitioner would be paroled to Delaware custody, so he could, in effect, serve the remainder of the Virginia term concurrently with the Delaware term. Petitioner presented no corroborative evidence from the Virginia authorities who allegedly told him this, or from anyone else.[4]

Before I would consider whether the prejudice alleged is of constitutional proportions, I would insist on some independent verification of Petitioner's wholly unsupported statements. In the absence of any corroborative evidence, I must dismiss the petition. There is no probable cause for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849 (3 Cir. 1968), cert. den. 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137.

Submit order.

---

3. See the excellent discussion in Brady v. Superintendent, cited infra.

4. Upon the Court's noting lack of corroboration for a hearsay statement of official policy by an understandably interested witness, counsel for Petitioner relied upon the argument that prejudice may be presumed. This argument is of no help on these facts. See *Brady*, supra, 443 F.2d at 1311.