THE STATE OF OHIO, APPELLEE, v. JUSTICE, APPELLANT.

(No. C-75740—Decided June 14, 1976.)

Mr. Thomas A. Luebbers, Mr. Paul J. Gorman and Mr. Robert H. Johnstone, Jr., for appellee.

Mr. Douglass L. Custis, for appellant.

Per Curiam. This cause came on to be heard upon the appeal; the transcript of the docket and journal entries and original papers from the Hamilton County Municipal Court; the transcripts of the proceedings; the assignment of error; and the briefs and arguments of counsel.

Robert Justice, the appellant herein, was arrested on April 27, 1975, and charged with the possession of an hallucinogen. On July 23, 1975, the date set for his trial, the court dismissed the complaint for want of prosecution. On August 5, 1975, a complaint was filed which asserted the same facts and charge against the defendant as had resulted in his arrest on April 27, 1975. On October 6, 1975,

upon the setting of a trial date, the appellant moved to dismiss the charge against him for lack of a speedy trial. The motion was denied on November 6, 1975, and the defendant thereafter entering a plea of no contest. On November 24, 1975, he was adjudged guilty and sentenced according to law.

The defendant contends in his sole assignment of error that the trial court erred in overruling his motion to dismiss for lack of a speedy trial.

R. C. 2945.71 provides, in pertinent part:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial: * * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

The state of Ohio, the appellee herein, argues that the within cause is controlled by this court's holding in *State v. Geraci*, Hamilton County No. C-75067, decided January 20, 1976, unreported. Under a nearly identical factual situation in *Geraci*, this court, through a panel of visiting judges, concluded that: "Computation of time pursuant to R. C. 2945.71 is to be done from the date of the arrest for the charge for which a defendant is being held for trial." The court then concluded that inasmuch as the record before it revealed no more than an arrest date within 90 days of the actual trial date, the trial court did not err in overruling defendant's motion to dismiss. Apparently, the court in *Geraci* was unable to determine from the "meager record" before it whether the charge for which Geraci was first arrested and which was subsequently dismissed was the same charge for which he was later convicted. In the case at bar, the state of Ohio relies upon the holding in *Geraci* to sustain its contention that the defendant was timely tried.

We find, however, that in the premises before us now, *Geraci* factually is inapposite. In the instant case, the

prosecution concedes that the defendant was charged in the second complaint filed on August 5, 1975, with the same violation under the same set of facts which precipitated his arrest on April 27, 1975. We have, therefore, an identical charge growing out of an identical set of facts resulting in a trial and conviction of a defendant without the 90 day period provided by statute.

We hold that where the charge upon which an accused is held is one which must be tried according to the provisions of R. C. 2945.71, and no continuance has been granted pursuant to the provisions of R. C. 2945.72(H), and that charge is identical to one previously dismissed for want of prosecution, such accused must be brought to trial within 90 days after his arrest or the service of summons upon the original charge.

It follows then that in the absence of a continuance, granted pursuant to R. C. 2945.72(H), within 90 days of defendant's original arrest, the time within which he should have been tried commenced on the date of his original arrest, April 27, 1975, and not, as argued by the prosecution, on August 5, 1975, the date of the refiling of the complaint against him. Accordingly, the trial court lost jurisdiction over the defendant when its decision was rendered on November 24, 1975. The record does not evidence that there was a continuance granted in harmony with R. C. 2945.72 (H), and the court therefore erred in overruling the defendant's motion to dismiss. The sole assignment of error is well taken.

It is the order of this court that the judgment of the Hamilton County Municipal Court be reversed and the defendant discharged herewith.

*Judgment reversed.*

Shannon, P. J., Palmer and Keefe, JJ., concur.