THE STATE OF OHIO, APPELLANT, *v.* LYONS, APPELLEE.

[Cite as State v. Lyons (1978), 61 Ohio App. 2d 228.]

(No. 804—Decided September 27, 1978.)

*Mr. Roger R. Ingraham,* prosecuting attorney, and *Mr. William L. Thorne,* for appellant.

*Mr. S. F. Sancic,* for appellee.

MAHONEY, P. J. This is an appeal by the state, after leave granted, from a judgment of the Common Pleas Court dismissing a complicity to commit murder charge against the defendant, Calvin Lyons, for want of a speedy trial. We reverse.

### Facts

Chronologically, the case arises as follows:

November 9, 1977- Defendant secretly indicted for complicity to commit aggravated murder.

November 23, 1977- Defendant arrested and incarcerated. Defendant arraigned and pled not guilty.
Parties notified on February 15, 1978, trial date.

February 3, 1978- Defendant moved to dismiss indictment for failure to state all the elements of the crime by including the name of the victim in the indictment.

February 13, 1978- Motion heard, granted, defendant held for re-indictment pursuant to Crim. R. 12 (I).

February 28, 1978- Defendant reindicted for complicity to commit murder.
Trial date set for March 13 and parties notified.

March 9, 1978- Defendant moved for dismissal for want of a speedy trial pursuant to R. C. 2945.73.

March 13, 1978- Motion sustained and case is dismissed.

### Discussion

The sole issue is whether the time spent in jail on the first indictment may be tacked onto the incarcerated time under the second indictment for the purpose of computing time under R. C. 2945.71-73.

We hold that where an indictment is dismissed on the motion of the defendant for a failure to state all of the elements of the crime, the elapsed time from the arrest to the dismissal may not be tacked onto a subsequent indictment to aggregate elapsed time for the application of R. C. 2945.73. The subsequent indictment is for all purposes a new and original charge and the time begins to run anew. The first indictment was, in effect, a nullity. See, cases cited in annotation, 30 A.L.R. 2d 462, 466.

*State* v. *Justice* (1976), 49 Ohio App. 2d 46, is distinguishable since that case did not involve a motion by the defendant to dismiss an indictment, but rather was a dismissal for want of prosecution of a misdemeanor complaint. *State* v. *Stephens* (1977), 52 Ohio App. 2d 361, is likewise distinguishable since the first indictment was dismissed for a want of prosecution after the court had denied the state's request for a continuance. Thus, both *Justice* and *Stephens, supra,* involved a delay caused by the state in being unprepared to prosecute on the trial date.

We hold that the state's error in the preparation of an indictment which is later dismissed on a defendant's motion does not warrant a dismissal of the second indictment.

A good argument can be made that the lapse of time caused by the dismissal is actually a delay necessitated by reason of a motion instituted by the accused. See, R. C. 2945.72 (E). However, we prefer to bottom our holding in this case on the conclusion that the second indictment was, in fact, a new charge and the first indictment was a nullity.

### Summary

We sustain the state's assignment of error and hereby reverse the judgment by vacating the same and remanding this cause for further proceedings according to law.

*Judgment reversed.*

BELL and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.