**Harold Burnett JOHNSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–279–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1982.

Charles O. Melder, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

The trial court, sitting without a jury, convicted appellant of felony forgery. After also finding that appellant had twice previously been convicted of felony offenses, the court assessed punishment at life imprisonment. See Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).

Appellant does not challenge the sufficiency of the evidence. The sole question presented to this Court for review is whether the State complied with the provisions of the Speedy Trial Act.[1]

A detailed chronological summary of the case will be helpful. Appellant was originally arrested in connection with this offense on February 27, 1978. He has been in continuous custody on this charge since that date. On August 14, 1978, appellant pled guilty on the first indictment in this matter (cause no. 276,669). Pursuant to a plea bargain, the court assessed punishment at that time as confinement for fifteen years and one day. Appellant did not appeal that conviction, but later successfully attacked it by post-conviction writ of habeas corpus. According to the briefs and the record, the Court of Criminal Appeals granted appellant relief on September 19, 1979, holding in an unpublished opinion that the original indictment was fundamentally defective. See *Ex parte Johnson*, 586 S.W.2d 876 (Tex. Cr.App.1979). Appellant was promptly reindicted, and trial in the present cause (no. 302,201) was held on November 5, 1979.

Appellant seeks to apply the rule that "a fundamentally defective indictment fails to invoke the jurisdiction of the court" to the

---

1. Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp.1981).

right created by article 32A.02. (His quote is from *Daniels v. State,* 573 S.W.2d 21, 24 (Tex.Cr.App.1978.) Appellant's theory, as we see it, is that a trial under an invalid indictment does not count as a trial for the purposes of article 32A.02. Appellant argues, then, that the State was obligated to bring him to trial on a *valid* indictment within 120 days of July 1, 1978;[2] and failure to do so entitles him to dismissal of the indictment.

 This is not so. The Speedy Trial Act is aimed at prosecutorial delay. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App. 1979); see also *Ordunez v. Bean,* 579 S.W.2d 911, 916–17 (Tex.Cr.App.1979) (see: Clinton, J., concurring). There has been no such delay in this case.

To adopt appellant's theory would preclude retrial in virtually every case in which an indictment is successfully attacked on appeal, direct or collateral, simply because of the time involved in the appellate process. We decline to exact such a harsh price from the State when its prosecutors perform their statutory duties in good faith without undue delay.

Also, appellant's reasoning would render meaningless in defective indictment cases provisions of the Act which are clearly intended, inter alia, to extend the limitations period or excuse delay in situations like the instant case.

We do not have before us the opinion of the Court of Criminal Appeals which granted appellant habeas corpus relief. Therefore, we cannot tell the precise nature of its disposition. If a remand was ordered, section 2(b) applies. If we take September 19, 1979, the date of the Court of Criminal Appeals opinion, as the date of remand, that would be the start of the limitations period for speedy trial purposes. Appellant's trial in this cause began on November 5, 1979, 48 days later, well within the 120-day limit.

If the indictment was dismissed, section 2(c) of art. 32A.02 would apply; and the limitations period would run from July 1, 1978,[2] because appellant was continuously detained. However, section 4(7) would also apply, excluding the period from the date of the first final judgment to the date the indictment was dismissed, commencing a new criminal action for purposes of the Act. The minimum amount of time which could be excluded would be from August 14, 1978, to September 19, 1979, if we deem each judgment final on those dates. That leaves 45 days between July 1, 1978, and August 14, 1978; plus the 48 days between September 19, 1979, and November 5, 1979. This totals 93 days, much less than the 120 days allowed.

Either way, appellant's rights under article 32A.02 were preserved. Appellant's sole ground of error is overruled. The judgment of the trial court is affirmed.

---

**2.** Although appellant has been in custody since February 27, 1978, time, for the purpose of the Speedy Trial Act, began to run on July 1, 1978, the effective date of the Act. *Wilkes v. State,* 572 S.W.2d 538 (Tex.Cr.App.1978).