474 A.2d 512

**STATE of Maryland**

v.

**Anthony A. PHILLIPS.**

**No. 33, Sept. Term, 1984.**

Court of Appeals of Maryland.

May 3, 1984.

---

**1.** In this connection, *see United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

Carmina Szunyog,· Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the petition), for appellant.

Robert S. McNeill, Millersville, for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

In a criminal information filed in the Circuit Court for Anne Arundel County on April 14, 1982, Anthony A. Phillips was charged with malicious injury and related offenses. Counsel for Phillips entered his appearance on April 29, 1982. Consequently, under Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, the 180-day period for trying the case expired on October 25, 1982.[1] On July 3, 1982, the circuit court granted Phillips's motion to dismiss

---

1. Under Art. 27, § 591, and Rule 746, the 180-day period for beginning the trial of a circuit court criminal case runs from arraignment or the initial appearance of defense counsel, whichever occurs first.

on the ground that the charging document was defective in that it failed to contain the words "against the peace and dignity of the State."

Phillips was indicted in the Circuit Court for Anne Arundel County for the same offenses on August 9, 1982. Counsel for Phillips entered his appearance under the second charging document on August 23, 1982. Thus the 180-day period for commencing trial under the new prosecution, if measured from August 23, 1982, would have expired February 19, 1983.

On October 27, 1982, 182 days after the appearance of counsel in the first prosecution, Phillips, by his attorney, orally moved to dismiss the second prosecution because of the State's failure to bring Phillips to trial within 180 days after the appearance of counsel in the first prosecution. The circuit court granted the motion, holding that the State is not "free to indict on a new indictment unless that is done within the time limits imposed by" § 591 and Rule 746. The circuit court held that, despite the dismissal of the first prosecution and the new indictment, the time limit for trial under the first prosecution continued to be the deadline for trial under the second prosecution.

The Court of Special Appeals affirmed in an unreported opinion. The appellate court rejected the view "that separate charging documents have separate lives and exist independent of each other," at least for the purposes of Rule 746 and § 591, and held that the date of the appearance of counsel in the first information triggered the running of the 180-day period for the purposes of the second information. The appellate court relied upon its recent decision involving charges which had been nol prossed, stating:

"In *State v. Glenn*, 53 Md.App. 717, 456 A.2d 1300 (1983), we upheld the dismissal of charges where the State *nol prossed* the first charging document because of an intrinsic defect and then brought the defendant to trial more than 180 days after the original arraignment on a

second charging document. Appellant attempts to distinguish the case *sub judice* from the situation in *Glenn* by pointing out that here, the court dismissed the charges, while in *Glenn*, the prosecutor voluntarily entered the *nol pros*. We fail to understand the significance of this distinction. Appellant's reading would allow the State to circumvent *Glenn*'s holding by unreasonably refusing to *nol pros* cases which are obviously defective thereby forcing a judicial dismissal."

We have granted the State's petition for a writ of certiorari, and we shall summarily reverse.

Even if we agreed with the Court of Special Appeals' opinion in *State v. Glenn* concerning the application of § 591 and Rule 746 where the prosecuting attorney files a nol pros before the 180-day deadline and thereafter causes the same charge to be refiled against the defendant, it would not follow that a dismissal of the initial prosecution upon the defendant's motion should be treated the same as a nol pros for purposes of § 591 and Rule 746. While, as pointed out today in *Curley v. State*, 299 Md. 449, 474 A.2d 502 (1984), cases throughout the country take different positions concerning the running of speedy trial periods when criminal charges are nol prossed and later refiled, the same is not true when the charges are dismissed on the defendant's motion. In the latter situation, courts generally hold that the speedy trial period prescribed by statute or rule begins running anew with the second prosecution. *See, e.g., State ex rel. Berger v. Superior Court in and for County of Maricopa*, 111 Ariz. 524, 534 P.2d 266 (1975); *Latson v. State*, 51 Del. 377, 146 A.2d 597, 600–601 (1958); *State v. Fink*, 217 Kan. 671, 538 P.2d 1390 (1975); *State v. Bolin*, 643 S.W.2d 806 (Mo.1983); *State v. Lyons*, 61 Ohio App.2d 228, 401 N.E.2d 452 (1978); *Johnson v. State*, 641 S.W.2d 367 (Tex.App.1982); *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 169 S.E.2d 106 (1969).

We need not, however, explore further in this context the possible difference between a nol pros and a dismissal on the defendant's motion. We have today reversed the Court

of Special Appeals' decision in the *Glenn* case. *State v. Glenn,* 299 Md. 464, 474 A.2d 509 (1984). Our opinions in *Glenn* and in *Curley v. State, supra,* are dispositive and require a reversal here.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AND REMAND THE CASE TO THAT COURT FOR TRIAL. RESPONDENT TO PAY COSTS.

DAVIDSON, J., concurs in the result.