[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, the state of Ohio, appeals from the order of the Hamilton County Municipal Court dismissing a misdemeanor telephone-harassment charge brought against defendant-appellee Arthur Knuckles on the ground that the state had not brought Knuckles to trial within the ninety-day period required by R.C. 2945.71(B)(2).
Neither party disputes the facts found by the trial court in its thorough written opinion. On March 23, 1999, the state voluntarily dismissed a charge of domestic violence against Knuckles. For purposes of computing compliance with R.C. 2945.71, thirteen days chargeable to the state had elapsed at the time of the dismissal.
On April 23, 1999, Knuckles was again arrested for the same incident that prompted the domestic-violence charge. He was now charged with telephone harassment, also punishable as a first-degree misdemeanor. Knuckles spent a night in jail, was released the next day on a personal-recognizance bond, and was given a court date. He failed to appear. Over one year later, Knuckles was rearrested and was given a second personal-recognizance bond. The matter was set for trial on July 14, 2000, at which time the state requested and received a continuance. The case was then set for trial on August 17, 2000. The parties agree that from the date of re-arrest to August 17, 2000, a total of seventy- eight days had elapsed.
On the day of trial, Knuckles moved for dismissal, pursuant to R.C.2945.71, as the state had failed to bring him to trial within the statutorily defined ninety-day period. He claimed, and the trial court agreed, that the thirteen days on the original charge of domestic violence had to be added to the seventy-eight days charged against the state. As the trial of Knuckles would have commenced on the ninety-first day after arrest, the trial court granted his motion to dismiss.
In its sole assignment of error, the state contends that the trial court erred in granting the motion to dismiss. Specifically, the state argues that, by failing to appear at trial in 1999, Knuckles waived certain rights under the speedy-trial statute, and that only the time starting from his arrest in 2000 was chargeable to the state.
As the trial court noted in its well-reasoned written opinion, the burden is on the state to bring an accused to trial within the ninety-day speedy-trial period defined in R.C. 2945.71(B)(2).If the state does not comply with the requirements of the speedy-trial statute, the trial court must discharge the defendant upon the defendant's motion. See State v.Stamps (1998), 127 Ohio App.3d 219, 223, 712 N.E.2d 762, 764. The trial court correctly relied upon this court's decision in State v. Justice
(1976), 49 Ohio App.2d 46, 48, 358 N.E.2d 1382, 1348, which held that the proper method of computing time, pursuant to R.C. 2945.71, is to include the time spent pending trial under the original charge in addition to the time spent pending trial under a new charge based upon identical facts. See, also, State v. Broughton (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, paragraph one and two of the syllabus. Only the time between his failure to appear and his re-arrest were chargeable as time waived by Knuckles. See State v. Bauer (1980), 61 Ohio St.2d 83, 399 N.E.2d 555.
Because the record supports the conclusion that the telephone-harassment charge was not brought to trial within the ninety-day limit, the assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Painter, JJ.