IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAURICE C. LAND, | § | |
| | § | No. 5, 2016 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | ID No. 1408007675A |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: November 16, 2016
Decided: January 10, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

On this 10th day of January 2017, it appears to the Court that:

1. Appellant, Maurice Land, appeals from a Superior Court jury verdict finding him guilty of Robbery First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy Second Degree, Theft, Tampering with Physical Evidence, and Resisting Arrest. He makes one claim on appeal. He contends that his Sixth Amendment right to a speedy trial was violated by the fourteen month delay between his arrest and trial.

2. On August 8, 2014, Land was arrested in connection with an armed robbery that occurred at a Dollar General in Georgetown. Two other men, Christopher Clay and Booker Martin, were also arrested for their participation in the robbery. Land

was subsequently indicted on a number of charges stemming from the robbery on November 17, 2014. He was not able to make bail.

3. Ordinarily, defendants indicted together should be tried together.[1] The Superior Court scheduled a joint trial for Land, Clay and Martin to be held on March 9, 2015. On December 29, 2014, the State complied with discovery requests. A case review was originally scheduled for January 5, 2015. The matter was continued, however, at the defendants' request. On January 30, 2015, Clay filed a motion to suppress evidence, and the court scheduled an evidentiary hearing on the motion for February 17, 2015.

4. At the request of the State, the evidentiary hearing was continued because the Deputy Attorney General assigned to the case had other matters scheduled for that day. The hearing was rescheduled for April 1, 2015. As a result, the joint trial date was rescheduled for April 27, 2015. Then on March 31, 2015, Martin's counsel requested a continuance because his wife had had a baby. The court rescheduled the trial for June 8, 2015. In May 2015, Martin requested another continuance in order to retain private counsel. The joint trial was rescheduled for July 27, 2015.

5. On June 4, 2015, Land filed a motion to dismiss asserting his Sixth Amendment right to a speedy trial. On June 12, 2015, Land's motion to dismiss was

---

[1] *Floudiotis v. State*, 726 A.2d 1196, 1210 (Del. 1999).

denied.

6. The trial court held the evidentiary hearing for Clay's suppression motion on June 9, 2015. Land and his counsel took no part in the motion. The motion was denied, but defense counsel for both Clay and Martin filed a "motion for reconsideration" which was denied on July 16, 2015.

7. On July 14 and 15, 2015, both of Land's co-defendants filed motions to sever. On July 17, 2015, the court denied the motions to sever as to the co-defendants, but severed some of the charges. In addition, counsel for the co-defendants filed other motions with the court. Both Clay and Martin filed new motions to suppress that were denied on July 24, 2015. Clay filed a motion to compel additional discovery which was also denied on July 24, 2015.

8. Finally, during a conference on July 27, 2015, the day of trial, Land objected to the State's desired use of a surveillance video of the robbery. An evidentiary hearing was scheduled for August 25, 2015 which resulted in a continuance of the trial date to October 12, 2015. The court ruled that the video was admissible, and trial began on October 12, 2015. Land was convicted and later sentenced to fifty years of Level V incarceration for the Robbery charge and the PFDCF charge, with varying degrees of probation for the remaining charges. This appeal followed.

9. Land claims that the State violated his Sixth Amendment right to a speedy

trial because there was a fourteen month delay between his arrest and his trial. "This Court reviews claims alleging an infringement of a constitutionally protected right *de novo*."[2]

10. In *Barker v. Wingo,* the United States Supreme Court developed a balancing test to determine whether a defendant has been deprived of his right to a speedy trial under the Sixth Amendment of the United States Constitution.[3] The court identified four factors that should be considered when determining whether a defendant has been deprived of his right to a speedy trial under the Sixth Amendment: "the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant."[4] The factors are related and no one factor is conclusive.[5]

11. A defendant's right to a speedy trial "attaches as soon as the defendant is accused of a crime through arrest or indictment whichever occurs first."[6] The length of delay is a threshold factor.[7] Unless the length of delay is determined to be "presumptively prejudicial" the court does not assess the additional factors.[8] This

---

[2] *Page v. State*, 934 A.2d 891, 896 (Del. 2007).
[3] *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (adopted by this Court in *Johnson v. State*, 305 A.2d 622, 623 (Del. 1973)).
[4] *Barker*, 407 U.S. at 530.
[5] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 533).
[6] *Id.* at 273.
[7] *Barker*, 407 U.S. at 530.
[8] *Id.*

Court has previously determined "that if the delay between arrest or indictment and trial exceeds one year" the Court will then consider the additional three factors.[9] In this case, the delay between Land's arrest and trial date (August 9, 2014 to October 12, 2015) is greater than one year, and therefore an examination of the additional *Barker* factors is appropriate.

12. We next consider the reasons for the delay. The United States Supreme Court has found that different weight should be attributed for the various reasons causing the delay.[10] Deliberate attempts by the government to delay a trial should be weighed heavily in favor of the defendant.[11] In the same vein, a defendant who prolongs the matter cannot solely blame the government for the resultant delay.[12]

13. Here, almost all of the delay was caused by defense motions, particularly the suppression motion filed by Land's co-defendant, Clay, as well as Land's objection to the State's use of surveillance footage at trial. This Court has held that delays caused by a co-defendant's motions are "not chargeable to the prosecution."[13] We have also stated that delays caused by a co-defendant's motions are not

---

[9] *Cooper v. State*, 2011 WL 6039613 *1, *7 (Del. Dec. 5, 2011).

[10] *Barker*, 407 U.S. at 531.

[11] *Id.*

[12] *Cooper*, 2011 WL 6039613, at *7.

[13] *Latson v. State*, 146 A.2d 597, 600 (Del. 1958) (citing *Garner v. State*, 145 A.2d 68, 75 (Del. 1958)).

attributable to either the State or the defendant.[14] This second factor does not weigh in the Land's favor.

14. The third *Barker* factor examines the defendant's assertion of the right to a speedy trial. Here, Land asserted his right in the form of a motion to dismiss for a violation of his right to a speedy trial on June 4, 2015. This factor favors Land.

15. The final factor, prejudice to the defendant, "should be assessed in light of the interests. . . the speedy trial right was designed to protect."[15] The United States Supreme Court has identified three of these interests: "(i) to prevent oppressive pretrial incarceration, (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."[16]

16. The first interest, to prevent oppressive pre-trial incarceration, weighs in favor of Land because he was incarcerated during the delay.

17. With regard to the second interest under the prejudice prong, Land alleges that the pre-trial incarceration caused a great deal of stress and apprehension. In his opening brief, Land's counsel states that Land "was under the constant stress and apprehension of having his life forever altered by the possibility of a guilty verdict."[17] Based on Land's record, which was disclosed by Land's counsel, Land "has spent the

---

[14] *See Collier v. State*, 1988 WL 113300, at *2 (Del. Sept. 23, 1988) (holding that the continuances caused by a co-defendant were "not the fault of either party.").

[15] *Barker*, 407 U.S. at 532.

[16] *Id.*

[17] Appellant's Opening Br. at 16.

vast majority of his life incarcerated."[18]  In 1974, Land was sentenced to a ten year prison term at the age of sixteen.[19]  Next in 1979, Land was sentenced to a thirty-four year prison term.[20]  However, mere assertions of stress and apprehension do not equate to true prejudice to the defendant. This factor does not weigh in Land's favor.

18.  Land makes no claim that his defense was impaired in anyway due to the delay in trial.[21]  Thus, as a whole, the fourth Barker factor does not weigh in Land's favor.

19.  When all factors are considered, those carrying the greatest weight are that substantially all of the delay was caused by pre-trial activities of Land and his co-defendants, and Land was not prejudiced in the preparation of his defense. Accordingly, Land's speedy trial claim must be denied.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[18] *Id.* at 8.
[19] *Id.*
[20] *Id.*
[21] *Id.* at 15-16.