# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) ID#   1701001085 &
) 1701001042
PLEASANT J. HARDY, )
)
Defendant )

Submitted: November 30, 2018
Decided: January 9, 2019

On Defendant's Motion for Postconviction Relief.
**DENIED.**

# ORDER

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Pleasant J. Hardy, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 9th day of January, 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

1. On July 5, 2017, Pleasant J. Hardy ("Defendant") pled guilty to two counts of Burglary Second Degree, and two counts of Theft Less Than $1500.[1] At sentencing, on September 22, 2017, the State moved to declare Defendant a Habitual Offender pursuant to 11 *Del. C.* § 4214(c) as to one count of Burglary Second Degree. The motion was granted and Defendant was declared a Habitual Offender as to one count of

---

[1] Guilty Plea Form, *State v. Hardy*, ID# 1701001085, D.I. 12 (July 5, 2017).

1

Burglary Second Degree.[2] Thereafter, Defendant was sentenced to eight years unsuspended Level V incarceration as to Count One – Burglary Second Degree; one year unsuspended Level V incarceration as to the Count Three – Burglary Second Degree; and twelve months Level III concurrent probation as to the Counts Two and Four – Theft Less Than $1500.[3] Defendant did not appeal his sentence to the Delaware Supreme Court.

2. Defendant filed a timely *pro se* Motion for Postconviction Relief on May 22, 2018.[4] This Court ordered Defendant's prior court-appointed trial counsel to submit an affidavit addressing ineffective assistance of counsel allegations raised in Defendant's motion.[5] This Court also ordered the State to respond to Defendant's motion and prior counsel's affidavit.[6] Prior counsel's affidavit was filed on August 16, 2018. The State's Response was filed on September 26, 2018. This Court afforded Defendant an opportunity to file a Reply to both prior counsel's affidavit and the State's Response on or before November 30, 2018, but Defendant did not do so.[7]

3. In his Motion, Defendant raises four grounds for relief:

> Ground one: Denied (me) the right to a speedy trial. The [a]ttorney who was representing me told me on two seperate [sic] court dates that we couldn't move forward because case hadn't been appointed a judge.
> Ground two: ineffective assistance of counsel. [I was appointed a] public defender. [The public defender] told me on two court dates that we couldn't move [f]orward because a judge hadn't been appointed but in all actuality the State was "investigating" my prior cases in Houston, Texas. [W]asn't made aware until my last case review.
> Ground three: unfulfilled plea agreement. Court Judge s[e]ntenced the defendant to 5 years level 5 but that wasn't in the plea agreement.

---

[2] Sentence Order, D.I. 24, at 1 (Sept. 22, 2017).

[3] *Id.* at 1–2.

[4] Def.'s Mot. for Postconviction Relief, D.I. 27 (May, 22, 2018).

[5] Letter to Counsel, D.I. 31 (July 17, 2018)

[6] *Id.*

[7] *See* Letter to Counsel, D.I. 31 (permitting Defendant to reply to both prior counsel's affidavit and the State's Response on or before November 30, 2018).

The Court asked for a P.S.I but didn't go with the P.S.I recommendation[.]

[Ground four:] State failed to inform the defendant whom was representing himself pro se that he had the right to challenge the motion to be declared an Habitual Offender. That fact wasn't listed in none of the motions that the State forwarded to the defendant.[8]

4. In prior counsel's affidavit, prior counsel denied grounds one and two, and avers that ground three is inapplicable to prior counsel's representation of Defendant.[9] The State responded that each ground raised by Defendant was procedurally barred by Superior Court Criminal Rule 61(i)(4). Rule 61(i)(4) prohibits postconviciton relief when the postconviction claims have been formerly adjudicated.[10] The State argues Defendant engaged in a lengthy plea colloquy prior to his guilty plea, and the State likewise presented an "equally-lengthy factual basis for the plea."[11] As such, the State argues each of Defendant's claims were previously adjudicated and procedurally barred.

5. Notwithstanding the procedural deficiencies, the State also addressed the substantive merits of Defendant's motion. The State argues that each claim is without merit. First, the State contends that Defendant's speedy trial rights were not denied because there were no continuances or delays, and Defendant's trial was ready to begin within five months from the indictment. Second, the State argues that prior counsel was serving Defendant's best interests by requiring the State to confirm out-of-state convictions before subjecting Defendant to a habitual offender sentence. Thus, "there was nothing ineffective about" prior counsel's representation.[12] Third, the State argues that the Court need not follow the sentencing recommendation in the plea agreement and that Court could have lawfully sentenced Defendant to life in prison as an habitual offender. Lastly, the State argues Defendant was fully aware of the habitual offender motion, and, as the person in the best position to know what his criminal history was, had an opportunity to dispute the State's motion.

---

[8] Def.'s Mot. for Postconviction Relief, at 3.

[9] Defense Counsel's Affidavit in Response to Def.'s Mot., D.I. 32, at 2 (Aug. 16, 2018).

[10] Del. Super. Ct. Crim. R. 61(i)(4).

[11] State's Resp. to Def.'s Mot. for Postconviciton Relief, D.I. 33, at 1 (Sept. 26, 2018).

[12] State's Resp., at 2.

6. Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction[.]"[13] Rule 61 delineates certain "bars to relief" which prevent a defendant from seeking relief in certain circumstances.[14] First, under Rule 61(i)(1), a motion for postconviction relief "may not be filed more than one year after the judgment of conviction is final[.]"[15] Defendant filed his motion eight months after his sentencing. His motion his timely.

7. Although timely, Defendant's motion is entirely barred under Rule 61(i)(4). Under Rule 61(i)(4) any ground for relief is barred if it "was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconvcition proceeding or in a federal habeas corpus proceeding[.]"[16] It appears to the Court that each of Defendant's four grounds were previously adjudicated in the proceedings leading to his guilty plea and the judgment of conviction. The Court engaged in a lengthy plea colloquy with Defendant prior to his guilty plea. Defendant admitted he committed each offense charged.[17] Defendant read, understood, and waived his right to a speedy trial and his right to a public trial by jury.[18] He stated he understood that he faced a possible penalty of a mandatory minimum eight years Level V up to a maximum life in prison, because of his habitual offender status.[19] Defendant acknowledged that he was not promised what his sentence would be.[20] Defendant was fully apprised by prior counsel of his right to challenge the State's habitual offender motion.[21] Each of Defendant's grounds for postconviciton relief were discussed and addressed at his plea hearing. Thus, his claims are barred under Rule 61(i)(4).

8. Nevertheless, the Court will address the substantive merits of Defendant's claims. Defendant's first ground asserts he was denied his Sixth Amendment right to a speedy trial. The Court finds his claim

---

[13] Del. Super. Ct. Crim. R. 61(a)(1).
[14] Del. Super. Ct. Crim. R. 61(i).
[15] Del. Super. Ct. Crim. R. 61(i)(1).
[16] Del. Super. Ct. Crim. R. 61(i)(4)
[17] Plea Hearing Transcript, D.I. 30, at 45–47 (July 5, 2017).
[18] *Id.* at 42.
[19] *Id.* at 44–45.
[20] *Id.* at 45.
[21] *Id.* at 13–14.

4

lacks merit. To ensure the right to a speedy trial is preserved, the Court considers several factors. These are: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant."[22] Defendant was arrested on January 3, 2017, and held on $5,000 secured bail.[23] A February 22, 2017, scheduling order scheduled Defendant's trial for July 5, 2017, five months later.[24] This date was not altered by subsequent proceedings. His trial would have occurred on that date had Defendant not pled guilty. The Court finds no delay in the proceedings. Without any delay, there is no manifest prejudice to Defendant. His claim is without merit.

9. Ground two alleges ineffective assistance of counsel, but is without merit. When an ineffective assistance of counsel claim is raised in the context of a guilty plea, the defendant bears the burden to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[25] Defendant alleges that prior counsel misinformed him as to why his case "couldn't move forward[.]"[26] Defendant claims prior counsel did not inform Defendant that the State was confirming his prior out of state convictions until Defendant's final case review on June 19, 2017.[27] The State explained in its Response that it was obtaining certified convictions records from Texas to confirm Defendant's out-of-state convictions truly existed, per defense counsel's request. Assuming *arguendo* that Defendant was unaware of the State's actions until his final case review, the Defendant has not shown that but for this alleged miscommunication he would have not pleaded guilty and instead insisted on going to trial.[28] The Court cannot identify an error

---

[22] *Key v. State*, 463 A.2d 633, 636 (Del. 1983) (citing *Johnson v. State*, 305 A.2d 622, 623 (Del. 1973)); *see Barker v. Wingo*, 407 U.S. 514 (1972).

[23] Commitment Order, D.I. 1 (Jan. 11, 2017).

[24] Scheduling Order, D.I. 4 (Feb. 22, 2017).

[25] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Albury v. State*, 551 A.2d 53, 59–60 (Del. 1988).

[26] Def.'s Mot. for Postconviction Relief, at 3.

[27] *Id.*

[28] At the July 5, 2017 hearing, Defendant waived his right to counsel and discharged his prior counsel *before* entering into a guilty plea. Plea Hearing Transcript, D.I. 30, at 22, 30. Leading up to the formal discharge of prior counsel, Defendant discussed the plea agreement with the State on his own, and thereafter agreed to plead guilty. *Id.* at 18–19. It appears to the Court that Defendant decided to plead guilty entirely on his own, not as a result of any action or fault of prior counsel.

committed by prior counsel, and as such Defendant's second claim is without merit.

10. Defendant's third ground challenges his sentence, and is likewise without merit. The Court is not required to follow the parties' sentencing recommendations or the recommendation in the presentence report. "As long as the sentence is within the statutory limits, it may not be challenged merely because it exceeds the sentence recommendation contained in the plea agreement." [29] During the plea colloquy, Defendant acknowledged he had not been promised anything that was not reflected on the plea agreement. [30] The plea agreement, which Defendant signed, expressly stated the potential statutory penalty Defendant faced for each offense. [31] Defendant stated he understood that on Count One he faced a minimum mandatory penalty of eight years in prison, and could be legally sentenced to life in prison. [32] His sentenced was imposed within those statutory limits, and Defendant has not offered any evidence that his sentence was grossly disproportionate to his crimes. [33] His claim is without merit.

11. Lastly, Defendant's challenge to his habitual offender status is without merit. Defendant alleges that he was not informed that he was permitted to challenge the State's habitual offender motion. This assertion is belied by the fact that at Defendant's plea hearing prior counsel stated on the record, in the presence of Defendant, that:

> [Defendant] is asking about his Texas stuff that makes him habitual ... [Defendant] would still, nevertheless, have an opportunity to challenge it under any basis that he ascertains separate from what I think as an attorney. But that all happens at sentencing. Not when you plea, not when you're convicted. At a sentencing on a later date. [34]

---

[29] *Wingate v. State*, 843 A.2d 239 (Table), 2004 WL 692050, at *2 (Del. 2004) (citing *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992)).

[30] Plea Hearing Transcript, D.I. 30, at 45.

[31] Guilty Plea Form, D.I. 12.

[32] Plea Hearing Transcript, D.I. 30, at 44–45.

[33] *Ducote v. State*, 2005 WL 1200859, at *3 (Del. May 18, 2005) (rejecting Eighth Amendment claim of defendant who did not present any evidence suggesting life term was grossly disproportionate to crime of attempted murder in first degree and who had to be sentenced to life imprisonment under habitual offender statute).

[34] Plea Hearing Transcript, D.I. 30, at 13–14.

The State was not required to explain in further detail what defense counsel had already articulately explained for Defendant. Defendant was informed of his right to challenge the State's habitual offender motion, but chose to not exercise his right. Therefore, his claim is without merit.

12. On July 5, 2017, the Court conducted an especially thorough colloquy to ensure that Defendant truly understood the nature of the proceedings. Defendant was fully apprised of his constitutional rights. Defendant stated he understood and waived those rights. The State, defense counsel, the Court, and the jury were all prepared to begin trial if Defendant so wished. Defendant instead knowingly and voluntarily chose not to exercise his right to trial, and opted to plead guilty. As such, the grounds raised in his postconviction motion are barred as previously adjudicated. Notwithstanding the procedural bar, the Court further finds Defendant's claims lack substantive merit.

Therefore, Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary
Investigative Services

7